# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

MATTHEW OXBOROUGH *vs.* WILLIAM BOESSER.

November 9, 1882.

**Partition Fence Erected by One Land-Owner—Recovery from Adjacent Owner—Supervisors' Fees.**—In proceedings under Gen. St. 1878, c. 18, §§ 6, 7, a party erecting the portion of a partition fence assigned to another is entitled to recover double the ascertained value of the fence erected, but not double the fees of the supervisors.

**Same—Demand.**—The exhibition to the delinquent of the supervisors' certificate of ascertained value, accompanied by a request of payment of such value, is a sufficient demand.

**Same—Effect of Supervisors' Adjudication.**—In the absence of fraud or mistake, the adjudication of the supervisors upon the sufficiency of a fence erected as a lawful fence, and of its value, is final in an action under section 7.

**Same—Legal Fence.**—Under section 2 a partition fence of one smooth wire and two barbed wires, *or* of five smooth wires, constitutes a legal partition fence.

**Same—Location of Fence.**—As respects the *location* of a partition fence it is enough that it is on a line which the parties *agree upon* as the true dividing line between their lands, and as the place where the fence should be built.

v.30—1

Plaintiff brought this action under Gen. St. 1878, c. 18, § 7, in the municipal court of Minneapolis, to recover from defendant double the value of a portion of a partition fence. Defendant appeals from a judgment for plaintiff for double the value of the fence, as determined by the supervisors, and for double the supervisors' fees. The case is stated in the opinion.

*Baxter, Grethen & Penney*, for appellant.

The demand by plaintiff was not sufficient. *Abbott* v. *Wood*, 22 Me. 541; *Whittier* v. *Johnson*, 38 N. H. 160. The court erred in not allowing defendant to prove that the fence erected is not a legal fence, that the adjudication as to its vaʼuᴈ and quality by the supervisors was made by mistake, and that it is not on the dividing line. Gen. St. 1878, c. 18, § 2; *Gallup* v. *Mulvah*, 24 N. H. 204; *Glidden* v. *Towle*, 31 N. H. 147; *Butler* v. *Barlow*, 2 Wis. 10; *Sears* v. *Inhabitants of Charlemont*, 6 Allen, 437. The judgment is excessive in being for double the fees of the supervisors.

*Wilson & Lawrence*, for respondent.

BERRY, J. This appeal calls in question certain proceedings under Gen. St. 1878, c. 18, which relates to partition fences. Notwithstanding sundry blunders and discrepancies, it is quite apparent that the proceedings were in fact and in intention instituted and conducted under sections 6 and 7 of that chapter. The pleadings and evidence show that plaintiff and defendant were owners of adjoining lands inclosed with fences; that, in compliance with the requirements of sections 6 and 7, a majority of the proper supervisors duly assigned to defendant his share of the partition fence to which this action relates, and duly directed within what time he should erect it; the recording of the assignment; notice to defendant of the assignment and direction; his neglect to erect his share; the erection of the same by plaintiff upon a line agreed upon by the parties as the dividing line between their lands; the due ascertainment by the supervisors, upon notice to the defendant, of the value of such erection; notice to defendant of the amount so ascertained; plaintiff's demand of payment from defendant more than 30 days before the bringing of this action, and the latter's failure to pay.

Upon this evidence the trial court properly found that plaintiff

was entitled to recover double the ascertained value of the fence erected as aforesaid by plaintiff, with interest at one per cent. per month, as the statute provides. The court also found plaintiff entitled to recover double .the fees of the supervisors in the proceedings, with interest at one per cent. per month. This was wrong because not authorized by section 7, which controls this case. The judgment followed the findings. It is therefore erroneous as respects the fees of the supervisors and the interest thereon, and must be modified accordingly.

These conclusions dispose of this appeal; but some of the points made by defendant require more specific notice.

1. As respects the *amount* of money demanded of defendant by plaintiff no objection is taken. The *form* of demand was sufficient. The statute does not require that a copy of the certificate made by the supervisors shall be given to the delinquent party, but only that a demand shall be made. The exhibition to the delinquent of the certificate, accompanied by a request of payment of the amount ascertained, is a sufficient demand.

2. The adjudication of the supervisors upon the sufficiency of a fence erected as a lawful fence, and of its value, is (at least in the absence of fraud or mistake) final in an action of this kind. *Robb* v. *Brachmann*, 24 Ohio St. 3. It may be added that by the proper construction of section 2, chapter 18, a fence of one smooth wire and two barbed wires, *or* five smooth wires, "constitutes" a legal partition fence.

3. Whether the line upon which the fence was built was the true dividing line between the lands of the parties, or not, is not important. It is enough that it is (as in this instance) the line which they agree upon as such dividing line, and as the place where the partition fence should be built. By virtue of such agreement it is the true dividing line, *pro hac vice;* and, the fence being erected accordingly, both parties are estopped to deny that it is a partition fence. *Robb* v. *Brachmann, supra.*

For the reason before indicated, the judgment is modified by deducting therefrom the amount allowed on account of the fees of the supervisors, and interest thereon.