(Opinion published 56 N. W. Rep. 821.)

---

Town of Lyle *vs.* Chicago, Milwaukee & St. Paul Ry. Co.

Argued Oct. 20, 1893.    Reversed Nov. 13, 1893.

No. 8158.

Highway. In proceedings to lay out, notice to landowner necessary.

In proceedings to lay out a highway the notice of the time and place of the hearing on the petition is jurisdictional, and must be given in strict conformity to statute, especially where it is only served on a party by posting.

Land not properly specified in the notice of hearing.

*Held,* that the notice in this case did not properly specify defendant's land as one of the tracts over which the highway would pass, and therefore as to it the proceedings were without jurisdiction and void.

Appeal by defendant, the Chicago, Milwaukee & St. Paul Railway Company, from an order of the District Court of Mower County, *John Q. Farmer,* J., made December 30, 1892, denying its motion for a new trial.

On June 15, 1875, a petition was presented to the Board of Supervisors of the Township of Lyle in Mower County, asking them

to lay out a highway on the line between sections two (2) and eleven (11), Township 101, Range 18. The railroad of the defendant ran north and south across this line near the eastern line of the two sections. It owned a right of way one hundred (100) feet wide. It was not named in the petition as an owner of land to be taken, nor was it served with the notice of the time and place of meeting of the Supervisors to decide upon the petition, nor was it named in this notice as owner of land to be taken for the proposed highway. The Supervisors met July 24, 1875, and laid the highway on the line crossing the railroad track. The Railway Company neglected to build a crossing over its tracks at the intersection and the travel left the line as laid and turned off to the south going parallel with and west of the railroad track to the next crossing to the south. The railroad track was on an embankment six feet high at the point where the highway intersected it and could not be crossed without considerable grading. The Town brought this action April 11, 1891, under Laws 1889, ch. 222, § 6, to recover the penalty of $30 for the neglect and $10 a day additional for each and every day since July 24, 1890. The defendant answered denying that the *locus in quo* was a highway.

The issues were tried August 12, 1892, before the Court without a jury. On December 5, 1892, findings were made that the highway was legally laid out, that the Supervisors on June 23, 1890, established the slope to the grade for a crossing over the railway track and gave defendant notice to build the crossing, that it neglected to build it, that two hundred and thirty five days had since elapsed. As conclusion of law the Court found the Town entitled to judgment for $2,650 and costs. The defendant moved for a new trial and being denied it appeals.

*Kingsley & Shepard*, for appellant.

The petition for the laying of the highway did not set forth in writing the name of the Railway as one of the owners of land over which the proposed highway was to pass. The proceeding for laying the highway was instituted under Laws 1873, ch. 5, as amended by Laws 1875, ch. 35. The statute, we think, requires the petition to set forth the names of such owners as could be ascertained by the use of reasonable diligence. *Harbeck* v. *Toledo*, 11 Ohio St. 219.

The supervisors' notice of hearing did not specify the land of the Railway as one of the tracts over which the highway was to pass. The statute, § 35, required the supervisors' notice of hearing to specify as near as practicable the highway proposed to be laid out, altered or discontinued, and the several tracts of land through which the same may pass. This objection goes to the jurisdiction of the supervisors and is one which could not be waived by appearing at the hearing.   *Ruhland* v. *Supervisors*, 55 Wis. 664.

The land over which this highway was laid constituted more than one tract. It was subdivided by ownership and user into smaller tracts, and when the Legislature provided that the several tracts should be specified, it certainly was not intended that a general description without reference to ownership or user would be sufficient.   *Wilcox* v. *Northern P. R. Co.*, 35 Minn. 439; *Sherwood* v. *St. Paul & C. R. Co.*, 21 Minn. 122; *St. Paul & S. C. R. Co.* v. *Murphy*, 19 Minn. 500; *Peck* v. *Superior Short Line R. Co.*, 36 Minn. 343; *Cameron* v. *Chicago, M. & St. P. Ry. Co.*, 42 Minn. 75.

There was no proper proof that the supervisors' notice of hearing was served upon the Railway, one of the occupants of the land through which the proposed highway was to pass. The only proof was an affidavit of T. K. Johnson that on July 12 and 13, 1875, he served the notice upon each of the occupants of the land through which the road was to pass, that on July 6, 1875, he posted copies of the notice in three public places in said town. This affidavit was not sufficient to show that the notice was served upon any of the occupants of the land, nor was it sufficient to show that it was posted in three public places in the town.   *Appeal of the Central R. Co. of N. J.*, 102 Pa. St. 38; *Road in Sussex and Morris*, 13 N. J. Law, 157; *Golcher* v. *Brisbin*, 20 Minn. 453; *Godfrey* v. *Valentine*, 39 Minn. 336.

Notice personal or by posting was absolutely necessary to confer jurisdiction upon the Supervisors to consider the petition and lay the road.   *Commissioners* v. *Harper*, 38 Ill. 103; *State* v. *Langer*, 29 Wis. 68; *Curran* v. *County of Sibley*, 47 Minn. 313; *Siman* v. *Rhoades*, 24 Minn. 25; *Lohman* v. *St. Paul, S. & T. F. R. Co.*, 18 Minn. 174; *City of St. Paul* v. *Nickl*, 42 Minn. 262; *Birge* v. *Chicago, M. & St. P. R. Co.*, 65 Iowa, 440; *Detroit, M. & T. R. Co.*

v.55M.—15

v. *City of Detroit,* 49 Mich. 47; *Ruhland* v. *Supervisors,* 55 Wis. 664; *Langford* v. *Commissioners of Ramsey County,* 16 Minn. 375. The supervisors did not award or assess any damages whatever to the Railway Company by reason of the laying of the highway; nor did they in the proceedings or otherwise assess or determine that the benefits and advantages accruing to the Railway Company were equal to the damages, or take any action whatever respecting damages to the Railway Company. This rendered the proceedings void. *State* v. *Chicago, M. & St. P. R. Co.,* 36 Minn. 402; *State* v. *District Court,* 42 Minn. 247; *State* v. *Shardlow,* 43 Minn. 524; *Leber* v. *Minneapolis & N. W. Ry. Co.,* 29 Minn. 256.

*D. B. Johnson* and *Davis, Kellogg & Severance,* for respondent.

The petition for the road, and upon which the supervisors relied and had a right to rely as to the facts, purported to set forth the names of the owners of the land. It was signed by Parmenter and Talouse and they were stated in it to be the owners of that portion of the land over which the Railway was built. One owned the farm on the north and the other the farm on the south of the proposed highway. However, under the law, this question cannot be raised in this collateral proceeding. Laws 1873, ch. 5, § 38. *Williams* v. *Williams,* 50 Wis. 311; *Barber* v. *Winslow,* 12 Wend. 102; *Ferris* v. *Bramble,* 5 Ohio St. 109; *Wells* v. *Hicks,* 27 Ill. 343; *Dumoss* v. *Francis,* 15 Ill. 543; *Humbolt Co.* v. *Dinsmore,* 75 Cal. 604.

To impeach the validity of the proceeding on the ground of failure to serve notice on owners or occupants of land over which the road passes, such failure must affirmatively appear by the records. *Williams* v. *Williams,* 50 Wis. 311; *State ex rel.* v. *Nelson,* 57 Wis. 147; *Lohman* v. *St. Paul, S. & T. F. R. Co.,* 18 Minn. 161; *Green* v. *State,* 56 Wis. 583; *Jackson* v. *Rankin,* 67 Wis. 285.

The Railway Company complains that the supervisors' notice of hearing did not specify its tract of land as one of the tracts over which the highway was to pass. The strip of land owned by the Railway Company is included in the notice in the designations of the farms by government subdivisions of the sections over which the railroad is constructed.

There was sufficient proof that the supervisors' notice of hearing was served upon all of the occupants of the land through which the proposed highway was to pass. The record shows that the notice was posted in three public places in the town as required by the statute. The recital of these facts in the order laying the road was sufficient proof. *Bruggerman* v. *True*, 25 Minn. 123; *Cassidy* v. *Smith*, 13 Minn. 129; *State* v. *Nelson*, 57 Wis. 147.

The next point made by appellant is that this notice of hearing was not in fact served upon the Railway Company. It is true that the notice was not personally served. The Court finds that the supervisors had no knowledge that the Railway Company owned the strip of land on which its railroad was laid. In cases like the present, where lands are unoccupied, the law requires the notice to be posted in order to give the supervisors jurisdiction. The posting of the notices was shown by recitals in the order and is constructive notice to all parties other than actual occupants, of the pendency of the proceedings. The word "occupant" must mean a person actually residing on the land, one having his place of abode on the premises, whether he be the owner or tenant. In the road law there is no provision for serving personally on any officer or agent of any foreign corporation, ticket agent or otherwise. The fact that the defendant might have a right of way across the premises under some arrangement between it and the owner, would not make it an occupant within the meaning of the law. *State ex rel.* v. *Chicago, B. & Q. R. Co.*, 68 Ia. 135; *State* v. *Wertzel*, 62 Wis. 184.

MITCHELL, J.    This action was brought under Laws 1889, ch. 222, to recover damages for defendant's neglect to build a highway crossing.

The defendant rests its defense on two propositions:    First, that there was no highway across its railroad at the point named; second, that the statute referred to is, as applied to the alleged highway, unconstitutional.    We find it necessary to consider only the first.

The highway is claimed to have been laid out by the town supervisors in 1875.    The law then in force regulating such proceedings was Laws 1873, ch. 5, as amended by Laws 1875, ch. 35, which, as subsequently amended, is 1878 G. S. ch. 13.    The condition of things

when these proceedings were instituted in 1875 was as follows: The defendant, a foreign corporation operating a railway in this state under authority of our laws, owned in fee a strip of land one hundred (100) feet wide, running north and south through the east half of the southeast quarter of section two (2) and the northeast quarter of section eleven (11) in the town of Lyle. There were no buildings and no one residing on this strip, nor was it inclosed by a fence, but defendant was in the actual possession, and had built and was maintaining its railroad upon it, over which it was daily running its trains. The defendant maintained stations along its road, one of which was within the town of Lyle, at each of which it kept a regular ticket and freight agent for the transaction of its business. The remainder of the two above-described government subdivisions was in the possession and occupancy, respectively, of two of the petitioners for the road, Parmenter and Talouse.

We next turn to the proceedings themselves. The petition for the highway assumed to give the names of all the owners of the land over which the road would pass, except of one tract, (not here involved,) who was stated to be unknown; but it nowhere stated the name of the defendant as one of such owners, nor was its land anywhere described, nor was there anything in the petition to show that the proposed highway would pass over its land, except that it gave the route or line of the highway, which, if compared with the actual location of defendant's land, would show that it would cross it.

The notice of the time and place of hearing the petition made out by the supervisors described the line of the proposed highway, and assumed to give the description of the several tracts of land over which it would pass; also the names of the several occupants thereof. Defendant's name was not stated in this notice (which was not addressed to any one) as owner or occupant of any of these tracts; neither was its land described or referred to at all, except that the entire government subdivisions, of which it was a part, were described as a whole, and the occupants thereof stated to be Parmenter and Talouse, respectively.

This notice was never served on defendant, unless posting copies thereof in three public places in the town constituted such service.

The defendant was not made a party to these proceedings, nor did it ever appear therein, and no jurisdiction of it or of its property was ever acquired, unless by virtue of the facts above stated. The part of the alleged highway across defendant's land has never been opened for travel or in any manner used by the public; on the contrary, the defendant has ever remained in the exclusive and uninterrupted possession of the land.

On this state of facts we are of opinion that the supervisors never acquired jurisdiction, and that, as to defendant, the proceedings are wholly void, for the reason that no notice thereof was ever served on it. It is fundamental that a party whose property is to be taken for public use must have notice and an opportunity to be heard, and this is just as applicable to railway companies as to any other property owner. In proceedings of this kind notice by publication or by posting may be sufficient. But reasonable notice of some sort is absolutely essential and jurisdictional, and the notice required by the statute must be given in strict conformity to the statute.

If this defendant was "an occupant," within the meaning of the statute, (section 35,) then the law was certainly not complied with. If it be said that the statute makes no provision for service on an occupant in a case like this, and that the provision for service on station or ticket agents is inapplicable, then so much the worse for the statute, for the law, to be valid, ought and must provide for some mode of service. But, assuming that the defendant was not an "occupant" within the meaning of the law, and that that term only applies to one residing on the land, then the posting of notice of hearing, and possibly the prior posting of the petition itself, is the only notice of the proceedings which the law provides for such cases. This kind of notice is so meager, and so little likely to come to the knowledge of parties not actual residents of the neighborhood, that it would at best barely amount to reasonable notice, and hence the requirements of the statute in that regard should be very strictly and fully complied with.

The statute requires that the petition shall state the names of the owners of the lands, if known, over which the road is to pass. The petition in this case did not state the name of defendant as one of such owners, or state that the name of the owner of its

tract of land was unknown.  In fact the petition could not have truthfully stated the latter fact, for the actual possession and use of its land by defendant was a physical fact, patent to the eyes of the petitioners.  The statute also requires that the notice of hearing on the petition shall specify the several tracts of land through which the road will pass.

The manifest object of this is to give notice to the owners of the several tracts that their land will be affected by the proceedings. The notice in this case did not specify defendant's land as one of the tracts through which the road would pass, unless done by specifying as a whole the governmental subdivisions of which it was a part, but as occupants of which it gave the names of other parties, the name of defendant being neither given nor referred to. There was in fact nothing in either the petition or the notice that would advise or suggest to any one that the highway would pass over defendant's land, unless by comparison of the route of the highway with a sectional map of the township, showing the actual location of defendant's railway on the ground.  This would be a compliance with neither the letter nor the spirit of the statute. It will not do to say that defendant's tract of land was specified because the government subdivisions in which it was situated were specified and stated to be occupied by those persons who were occupants of the balance of these subdivisions.  With equal force it might be argued that if two farmers had each an eighty acre farm in the same quarter section it would be sufficient notice to one of them to describe the whole quarter section as a single tract, and give the name of the other as the occupant of the whole; or, to carry the proposition still further, that, if four farmers had each 160 acres in the same section, to specify the whole section as one tract, and give the name of one of them as the occupant of the whole, would constitute sufficient notice to the other three. This will not satisfy the requirements of the statute.  For the want of proper notice the supervisors never acquired jurisdiction of defendant, and as to it the proceedings are void.  This renders it unnecessary to consider any of the other questions discussed by counsel.

Order reversed.

(Opinion published 56 N. W. Rep. 820.)