## HATTIE L. KNOBLAUCH *vs.* CITY OF MINNEAPOLIS.

Submitted on briefs Jan. 18, 1894.   Affirmed Jan. 30, 1894.

No. 8501.

**Temporary injunction, when dissolved.**
> · Case *held* not to be an exception to the general rule that upon a full and positive denial by a sworn answer of the equities in the complaint a temporary injunction will be dissolved.

**The propriety of laying out a street, not reviewable in the courts.**
> The decision of the body, to which is committed the determination whether streets or alleys shall be opened, laid out, straightened, widened, or extended, is conclusive as to the necessity of the improvements and of taking private real estate for the purpose.

**Minneapolis city charter as to laying out streets.**
> The commissioners appointed by the city council pursuant to the charter of Minneapolis to ascertain the compensation to be paid for taking private property for the above purposes, to wit, five freeholders of the city, no two of whom shall reside in the same ward, will be presumed to be fair and impartial for the purpose.

**Service on landowner by publication of notice.**
> A published notice of the meeting of the commissioners *held* sufficient.
> Town of Lyle v. Chicago, M. & St. P. Ry. Co., 55 Minn. 223, distinguished.

Appeal by plaintiff, Hattie L. Knoblauch, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made September 2, 1893, dissolving a temporary injunction.

Plaintiff owned a lot in block fifty seven (57) in the original plat of Minneapolis fronting west onto Third Street. The city took measures to widen the alley in the rear of the lot to afford access to the railroad freight depot adjoining on the north. Plaintiff commenced this action against the city to restrain the proceedings. On her complaint and supporting affidavits she obtained a temporary writ of injunction May 4, 1893, restraining the city, its officers and servants from taking any further steps in the condemnation proceedings so far as they affected her lot. The city by its answer denied all the equities of the complaint and attached a copy of all the proceedings of the city council and of its commissioners in the matter of widening the alley. On this answer and affidavit in support

thereof the city moved the court to vacate the writ of injunction. The motion was granted and plaintiff appeals.

*Spooner & Taylor,* for appellant.

The tribunal to assess damages of the land owner must be fair and impartial. The tribunal selected under the city charter is not fair and impartial because it does not provide for notice to the land owner or opportunity for him to be heard in the selection of the commissioners to assess his damages. The appointment is wholly *ex parte. City of St. Paul* v. *Nickl,* 42 Minn. 262; *City of Minneapolis* v. *Wilkin,* 30 Minn. 140; *Ames* v. *Lake Superior & M. R. Co.,* 21 Minn. 241.

The notice published was directed to Franklin Beebe, a deceased person, and had no effect whatever, but was entirely void. Beebe formerly owned the lot but plaintiff had succeeded to his title before the condemnation proceedings were commenced. *Curran* v. *Shattuck,* 24 Cal. 427; *Frizell* v. *Rogers,* 82 Ill. 109; *New York Cent. R. Co.* v. *Marvin,* 11 N. Y. 276; *Cruger* v. *Hudson River R. Co.,* 12 N. Y. 190; *People* v. *Huber,* 20 Cal. 81; *Town of Lyle* v. *Chicago, M. & St. P. Ry. Co.,* 55 Minn. 223; *Watson* v. *New York Cent. R. Co.,* 6 Abb. Pr. (N. S.) 91; *Chicago & A. R. Co.* v. *Smith,* 78 Ill. 96; *Rheiner* v. *Union Depot, &c., Co.,* 31 Minn. 289.

If it is true that there is ample means of ingress and egress to and from the freight warehouses without the widening of the alley, then the work is not one of public necessity. If it is true that the attempted condemnation proceedings are for the purpose of carrying out a contract made by the city officers without public necessity, then no court should lend itself to such a scheme and take away plaintiff's property when no reason therefor exists. *In re Minneapolis Ry. T. Co.,* 38 Minn. 157.

Where the circumstances are such as to lead the court to believe it quite probable that upon a final hearing material allegations of the complaint will turn out to be true, it will be an exception to the rule that upon the coming in of the answer denying all equities of the complaint a temporary injunction will be dissolved. *Stees* v. *Kranz,* 32 Minn. 313; *Mulock* v. *Mulock,* 26 N. J. Eq. 461; *Pineo* v. *Heffelfinger,* 29 Minn. 183.

It is contended that plaintiff has an adequate remedy at law by appeal. But the pretended condemnation proceedings are entirely void and of no effect, and the plaintiff could not obtain adequate redress by appealing from a void proceeding. If it is void there is nothing to appeal from. *Chicago & A. R. Co.* v. *Smith,* 78 Ill. 96; *Lumsden* v. *Milwaukee City,* 8 Wis. 485; *Seifert* v. *Brooks,* 34 Wis. 443; 2 Story, Eq. J., § 927.

*David F. Simpson* and *L. A. Dunn,* for respondent.

Where the right to appeal is preserved, the Legislature may provide that a special tribunal or board may act generally in a particular class of condemnation proceeding. *City of St. Paul* v. *Nickl,* 42 Minn. 262; *Bruggerman* v. *True,* 25 Minn. 123; *Langford* v. *Commissioners of Ramsey Co.,* 16 Minn. 375.

The charter does not require the names of the owners to be given or published in the notice. *St. Paul, M. & M. Ry. Co.* v. *City of Minneapolis,* 35 Minn. 141; *Kuschke* v. *City of St. Paul,* 45 Minn. 225.

In *Town of Lyle* v. *Chicago, M. & St. P. Ry. Co.,* 55 Minn. 223, cited by plaintiff, the notice of the time and place of hearing was held to be defective for the reason that the notice did not properly specify defendant's land as one of the tracts over which the highway would pass. The city council is the sole judge of the necessity of the exercise of the right to condemn land for streets, and its action is conclusive upon that question and is not the subject of judicial review. *Milwaukee & St. P. Ry. Co.* v. *City of Faribault,* 23 Minn. 167; *Carpenter* v. *City of St. Paul,* 23 Minn. 232; *Fairchild* v. *City of St. Paul,* 46 Minn. 540; *Wilkin* v. *First Div. St. Paul & P. R. Co.,* 16 Minn. 271; *Weir* v. *St. Paul, S. & T. F. R. Co.,* 18 Minn. 155; *St. Paul, M. & M. Ry. Co.* v. *City of Minneapolis,* 35 Minn. 141.

GILFILLAN, C. J.    Appeal from an order vacating a temporary injunction.

As a general rule, where the equities of the complaint are fully and positively denied by a sworn answer, a temporary injunction will be dissolved. The rule, however, is not inflexible; there are exceptions to it, *Pineo* v. *Heffelfinger,* 29 Minn. 183, (12 N. W. 522;) as where the circumstances are such as to lead the court to believe

it quite probable that the material statements of the complaint will, upon a final hearing, turn out to be true, *Stees* v. *Kranz,* 32 Minn. 313, (20 N. W. 241.)

We have to consider, then, whether the equities of the complaint are fully and positively denied by the answer, and, if so, whether there is anything to take this case out of the general rule. When stating the rule, we do not refer solely to formal denials, for though the allegations on which the equities of the complaint depend may not be, in form, fully denied, yet if the answer affirmatively avers facts which show that the allegations of the complaint are untrue, then the equities are denied within the rule.

The action was brought and the temporary injunction issued to restrain the city from further prosecuting proceedings begun by it to condemn plaintiff's real estate proposed to be taken for the purpose of widening a public alley. The complaint makes numerous objections to the legality of the proceedings, which may be briefly stated thus: The alley was wide enough before, and the public needs do not require it to be made any wider, and the proposed taking of plaintiff's property is unnecessary; that no notice of the proceeding has been given; that a fair and impartial tribunal to determine the damage for the taking has not been provided; that the persons appointed for the purpose were selected without notice to plaintiff or her grantors; that such persons were in fact partial, and predetermined to allow her no damages; that the proposed taking is not for public use, but to carry out a contract made by the city with certain railway companies, by which the city agreed to make a street for the use of such companies, at least 40 feet wide, (the proposed width of the alley;) and the complaint alleges various other irregularities in the proceedings.

The answer denies each and every allegation in the complaint, except as therein admitted or qualified, and, after making admission of some of the allegations of no importance, it sets forth at length all the proceedings of the council, the commissioners appointed to determine the damages, and of the other city officers towards the widening of the alley, and the taking of property for the purpose. As the plaintiff could easily have ascertained whether those proceedings were had, they being matter of record, and as there was no specific denial of any of them, the court was justified

in assuming the facts to be as alleged in the answer. *Stees* v. *Kranz*, *supra.*

The case, then, comes to the question whether there was any such defect in the proceedings as will require the court to arrest them by injunction.

The charter of the city commits to the city council the matter of laying out or opening new streets or alleys, and of straightening, widening, or extending such as may already exist. The determination of the council as to the necessity of a street or alley, its necessary width and course, and consequently that it is necessary to take private real estate, and what private real estate, for the purpose, must be conclusive, and not subject to be reviewed or questioned by any court. A case might happen of an attempt to take private property for a use so undeniably exclusively private that the courts would stop it. But when the use is public, as for a public street or alley, the determination, as to its necessity, of the body to which that question is committed, is conclusive. Even if the allegations of the complaint stood admitted, there is not enough in them to show that the proposed taking is for a use exclusively private.

We have examined the proceedings set forth in the answer, and find them in exact compliance with the requirements of the charter; so we will not go over them at length, but will refer only to some objections made to them by appellant.

In respect to the tribunal to appraise the damages to landowners in such cases, the charter provides that when the council shall have voted to open any new street or alley, or to straighten, widen, or extend an existing one, it "shall then or afterwards appoint five freeholders of said city, no two of whom shall reside in the same ward, as commissioners to view the premises, and to ascertain and award the amount of damages and compensation to be paid," etc. Exception is taken to this, that it does not, in express terms, require that the persons appointed shall be "fair and impartial." The legislature assumed that the council will honestly perform its duty, and that the way prescribed will secure fair and impartial commissioners; and we must presume that it will, just as we would have to do if the same duty, to be performed in the same way, were imposed upon a court. If the landowner should have reason to believe that the commissioners appointed are not in fact fair and impartial, his remedy,

in the first instance, is by applying to the council to appoint others; and, finally, if he deemed himself aggrieved by the award of the commissioners, by appeal to the District Court, which the charter gives. There is nothing in the objection.

Objection is also made that no sufficient notice of the proceeding was given plaintiff or her grantors. They were not entitled to notice of any proceedings prior to the meeting of the commissioners to ascertain the compensation. Personal notice of that is not required. Notice by publication, as required by the charter, was given. The notice required is that the survey and plat of the improvement (required to be made and filed before such notice can be given) is on file in the office of the city clerk for the examination of all persons interested, and that the commissioners will meet at a time and place designated, and view the property, and ascertain and award the compensation, etc.

In this case the survey and plat were filed, and the notice as required was published. The objection to the notice is that on the filed plat the only name given as the owner of plaintiff's land was that of her deceased ancestor, through whom she derives title. The charter requires the engineer making the survey and plat to show in it the name of the owner of each parcel of property, so far as he can readily ascertain the same. But it clearly appeared from the survey and plat filed that part of plaintiff's property was to be taken for widening the alley. She could not look at it without seeing that. The case is very different from *Town of Lyle* v. *Chicago, M. & St. P. Ry. Co.*, 55 Minn. 223, (56 N. W. 820,) where the notice was held void because it contained neither the name of the landowner nor any description of or reference to its property, so that, upon reading the notice, it might know its property was to be affected. This notice was good.

There is nothing to suggest the case to be an exception to the rule we have stated.

Order affirmed.

(Opinion published 57 N. W. Rep. 928.)