HEZEKIAH HALL vs. CITY OF ST. PAUL.

Submitted on briefs Jan. 22, 1894.   Affirmed Feb. 6, 1894.

No. 8505.

**A pleading construed.**

Under an allegation in an answer that the city has a prescriptive right to a street, in that during all of said time (for twenty years) it "has been in possession of the same, and has improved and used the same as a public street," evidence is admissible that it "used, kept in repair, and worked" the street for six years, as provided in 1878 G. S. ch. 13, §§ 47, 48.

**Findings supported by the evidence.**

The evidence *held* sufficient to support the findings and judgment.

**Assignment of error insufficient.**

A certain assignment of error considered, and *held* to be too indefinite to raise any question in this court.

Appeal by plaintiff, Hezekiah Hall, from a judgment of the District Court of Ramsey County, *William Louis Kelly,* J., entered September 20, 1893, that he take nothing by this action.

Plaintiff brought this action to establish his title to, and to obtain possession of, the southerly part of lots six (6) and seven (7) in block thirteen (13) of Ewing & Chute's Addition to St. Paul, occupied by defendant, the City of St. Paul, as a part of Central Avenue. The defendant answered that the *locus in quo* is now and for twenty years last past has been a part and portion of a public street of the city; and during all said time defendant has been in possession of the same and has improved and used the same as a public street. That defendant now is, and for more than twenty years next preceding the commencement of this action has been, in the actual, adverse, hostile, exclusive and continuous possession thereof, claiming to own the same for street purposes; and during all that time has actually used and improved the same as a public street of the city. The issues were tried April 19, 1893, before the court without a jury. The court found that plaintiff owned the two lots but subject to the rights and easements of the city for a street as claimed by it. That beginning in 1863 and continuing without interruption until 1873, the public travelled on foot and with teams over the land in dispute. From that time to 1880, the travel over it was in greater part suspended, but a well defined wagon road remained. In 1880, the city graded and improved the *locus in quo* as a public street and it has ever since been continuously used and kept in repair and worked by the city as a public highway. That plaintiff bought the lots in 1880, and has resided in St. Paul during the last twenty years, and knew of the grading and the improvements. In 1889, he put up a fence across this land, but it was immediately torn down and removed by the city.

The trial court held that the city was lawfully in possession of

the property in dispute under 1878 G. S. ch. 13, §§ 47, 48, and ordered judgment for defendant. It was entered and plaintiff appeals.

*Stryker & Moore,* for appellant.

The city set up in its answer a prescriptive right to the premises as well as a right thereto by adverse possession, but at the trial abandoned these grounds, and was allowed against plaintiff's objections, to give evidence tending to establish defenses based upon 1878 G. S. ch. 13, §§ 47, 48, and upon a common law dedication. This was error. The proofs must correspond with the allegations. Proofs not supported by a pleading cannot support a judgment. A defense not pleaded can not be considered. *Howell* v. *Rogers,* 47 Cal. 291; *Hunter* v. *Hunter,* 50 Mo. 445; *Bridgforth* v. *Payne,* 62 Miss. 777; *Wolters* v. *Thomas,* 32 Pac. R. 565; *Winslow* v. *Winslow,* 52 Ind. 8; *Ford* v. *Babcock,* 2 Sandf. 518; *Williams* v. *Hingham & Q. B. & T. Corp.,* 4 Pick. 341; *Dye* v. *Dye,* 11 Cal. 163.

The statute prescribes that when any road or portion thereof shall have been used and kept in repair and worked for six years continuously as a public highway, the same shall be deemed as having been dedicated to the public. If possible, effect should be given to each word of this statute. Cooley, Const. Lim. (6 Ed.) p. 72; *Kennedy* v. *Le Van,* 23 Minn. 513; *Manchester* v. *Hoag,* 66 Ia. 649; *Dolphin* v. *Pedley,* 27 Wis. 469; *Landis* v. *Hamilton,* 77 Mo. 554; *Morrison* v. *Marquardt,* 24 Ia. 35; *Indianapolis* v. *Kingsbury,* 101 Ind. 200; *Tinges* v. *Baltimore,* 51 Md. 600.

It is a rule sanctioned by reason and high authority that travel over unenclosed land, permitted by the owner, establishes no right in the public. *Irwin* v. *Dixion,* 9 How. 10; Elliott, Roads, 99, 126, 130; *Tucker* v. *Conrad,* 103 Ind. 349; *Irving* v. *Ford,* 65 Mich. 241.

There is no evidence sufficient to establish a common law dedication of the land in controversy. An intent to dedicate is a vital requisite of such a dedication, and proof of such intent is utterly lacking. Dillon, Municipal Corp. § 636; Angell, Highways, 161; *Shellhouse* v. *State,* 110 Ind. 509.

*Leon T. Chamberlain* and *Walter L. Chapin,* for respondent.

1878 G. S. ch. 13, §§ 47, 48, seem to be designed not as a statute of limitations strictly speaking, but to furnish a statutory rule as

to what shall be conclusive proof of a dedication. The answer contains substantially all the allegations, proof of which complies with this statute. The greater includes the less, and an allegation that a given state of facts existed for twenty years would include an allegation that the same state of facts existed for six years. Facts showing dedication could be proven under the general allegation that the land is a public street. *Miller* v. *Adamson*, 45 Minn. 99; *Mullen* v. *Noonan*, 44 Minn. 541; *Furman* v. *Tenny*, 28 Minn. 77; *Miller* v. *Town of Corinna*, 42 Minn. 391; *Morse* v. *Zeize*, 34 Minn. 35. No findings of fact are attacked by the assignments of error. The findings of the court are attacked only in that they do not justify the conclusion of law, not that the findings of facts themselves are not justified by the evidence.

CANTY, J. The plaintiff claiming to be the owner of a part of two lots in the city of St. Paul, which was being used by the public as a street, brought this action to eject the public, and have restitution of said part of said lots. The defendant city answered that said part "is now, and for more than twenty years last past has been, a part and portion of a public street of said city, and during all of said time this defendant has been in possession of the same, and has improved and used the same as a public street."

The city offered some evidence of such prescriptive right for twenty years, but the court below did not find this defense to be established. But a part of the evidence so offered was sufficient to prove a right in the city to the part of the lots in question for the purposes of a street, under 1878 G. S. ch. 13, §§ 47, 48, which provide, "that when any road or portion thereof shall have been used and kept in repair, and worked, for six years continuously as a public highway, the same shall be deemed as having been dedicated to the public, and be and remain, until lawfully vacated, a public highway, whether the same has ever been laid out as a public highway or not."

Plaintiff objected to the evidence being received to establish such street under this statute, as not being admissible under the pleadings. The objection was overruled, and he excepted.

We are of the opinion that this was not error. It seems to us that an allegation "that during all of said time" (for twenty years)

the defendant "has improved and used the same as a public street" is a sufficient allegation that it "used, kept in repair, and worked" the street for six years. The allegation that it "improved" the street would not always include the allegation that it "repaired and worked" the street. For instance, if it was a new street that had never been traveled, an allegation that it was "improved" would not mean that it was "repaired;" but, if it is being continually improved, while it is being continually used, those improvements must necessarily, in part at least, consist of repairs. Alleging such use and improvement for twenty years is sufficient to admit proof thereof for six years, the greater including the less.

The evidence was sufficient to establish the right of the city under this statute, the court below so found, and we are of the opinion that the judgment should be affirmed.

The appellant assigns as error that the court below erred in admitting evidence of a common-law dedication of the land in question as a street, as not admissible under the pleadings. He does not, in any manner, indicate what particular evidence he refers to, and the great mass of the evidence received would tend to prove adverse user, as well as a dedication by the abutting owner. The assignment of error is too indefinite, and raises no question in this court.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 928.)