Merrimack, }
Nov. 7, 1906. }

NEW LONDON v. DAVIS & a.

Individual taxpayers are represented by the town in a highway proceeding, and are estopped to deny the validity of a lay-out equally with the municipality.

The right of a town to attack the laying out of a highway is waived by an inexcusable delay of four years.

A highway lay-out is not void because two of the selectmen who made the order were disqualified to act in the proceeding.

PETITION, for leave to discontinue a highway. The case is the same as that reported in 73 N. H. 72. After the rescript was filed in the superior court, the plaintiffs moved that the petition be referred to the county commissioners. The defendants objected to such reference because two of the petitioners for the new road were related to two of the selectmen who laid it out. The court granted the motion, and the defendants excepted. Transferred from the October term, 1905, of the superior court by *Pike*, J.

*Nathaniel W. Colby* and *Burnham, Brown, Jones & Warren*, for the plaintiffs.

*Henry F. Hollis* and *George W. Stone*, for the defendants.

YOUNG, J. It was decided when the case was here before that the superior court should hear this petition when the plaintiff satisfied it that the new road (1) is a " statutory highway " and (2) was built was without expense to the town. *New London* v. *Davis*, 73 N. H. 72, 79. It is conceded that it was so built; consequently the only question raised by the defendants' exception is whether it is such a highway. The town records show that it is; but the defendants claim they may have the record of the laying out amended to show that it is not such a road, even if the town cannot, because they were not parties to that proceeding. One serious trouble with this claim is that the facts do not sustain it, for the defendants were represented by the town in that proceeding (*Bennett* v. *Tuftonborough*, 72 N. H. 63) and so are estopped to deny the validity of the laying out if the town is. *State* v. *Corron*, 73 N. H. 434, 454. The town has delayed for four years to attack the laying out, and nothing appears which will excuse such delay; so there is no evidence from which it can be found it has not waived the disqualification of the selectmen,—conceding they were disqualified, a question as to which no opinion is expressed

(*New London* v. *Davis*, 73 N. H. 72, 74),—if it could legally do so.  Although jurisdiction of the subject-matter cannot be conferred on the court by agreement, when the court has such jurisdiction any judgment it may render when the parties are in court is not void because the judge was disqualified (*Bickford* v. *Franconia*, 73 N. H. 194, 196 ; *Moses* v. *Julian*, 45 N. H. 52), nor for any other reason.  Consequently, if two of the selectmen who laid out the new road were disqualified, the laying out is not void for that reason.

*Exception overruled.*

All concurred.