COUNTY OF MARTIN v. A. F. KAMPERT and Others.[1]

March 19, 1915.

Nos. 19,106—(293).

County ditch — disqualification of viewers.

1. The objection that viewers appointed in proceedings to establish a county ditch are disqualified by reason of interest in land which may be affected, cannot be raised for the first time as a defense to an action on a bond to pay expenses, if the proceedings are otherwise according to law.

Bond to pay preliminary expenses — condition — collateral attack on decision.

2. The sureties on such a bond contract to pay in the event the county board shall fail to establish the ditch. When that event happens they must respond. The determination of the county board is not open to collateral attack, except on the ground of fraud or collusion or want of jurisdiction. No fraud or collusion is claimed in this case, and the objection to the quali-

1 Reported in 151 N. W. 897.

fication of the viewers does not go to the jurisdiction of the board. A proper petition duly filed and proper notices is all that is required to vest the board with full jurisdiction.

Action in the district court for Martin county to recover $1,679.50 upon defendants' bond to pay expenses in connection with the proposed construction of a public ditch. The case was tried before Quinn, J., who made findings and ordered judgment for the amount demanded. Defendants' motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Albert R. Allen,* for appellants.

*E. C. Dean,* County Attorney, and *J. E. Palmer,* for respondent.

HALLAM, J.

Upon the filing of a petition for the establishment of a county ditch, defendants executed and filed a bond in the sum of $1,000 conditioned to "pay all expenses, in case the county board of said county, or the court in case an appeal be taken   *   *   *   shall fail to establish said proposed public ditch." Some time later they gave a second bond in like amount and with like conditions. The county board considered the petition and appointed an engineer to make the survey. The engineer made and filed his report. Thereupon three viewers who had been appointed entered upon their duties, and later reported that the cost of construction of the drainage system was greater than the total amount of benefits therefrom. On final hearing the county board refused to establish the ditch. No appeal was taken from their action. This action is brought on the bond to recover the expenses incurred.

The only defense urged is that two of the viewers owned land which, it is claimed, was properly within the district to be drained and assessable for benefits, and that they were accordingly interested in the event of the proceeding. There was no charge of fraud, collusion or bad faith, in fact the absence of all such elements was conceded. The trial court found as a fact that neither of the viewers was interested in the construction of such drainage system, and

that, if constructed, it would not in any manner affect or benefit any lands owned by either of them. It may be that this finding is sustained by the evidence. We do not intimate that it is not, but in the view we take of this case we do not reach that question.

The statute provides that the viewers shall be "resident free-holders of the county, not interested in the construction of the proposed work, and not of kin to any of the parties known to be interested therein." G. S. 1913, § 5528. It is highly important that all persons officially concerned in a county ditch proceeding shall be persons qualified to act, and particularly that they shall be free from the taint of self interest. But whether the disqualification of viewers is a defense to an action on this bond, is quite another question.

The sureties on this bond contracted that they would pay the expenses for which they are now sued "in case the county board of said county * * * shall fail to establish said proposed public ditch." The event in which they contracted to pay has come to pass. Not having been parties to the proceeding before the county board, its determination would not, in the absence of contract, have been conclusive of their liability. Beauchaine v. McKinnon, 55 Minn. 318, 56 N. W. 1065, 43 Am. Rep. 506. But they have contracted to be bound by the determination of the county board, and for that reason the determination of that body, acting within its jurisdiction and in the absence of fraud or collusion, is conclusive upon them as to "every fact which it would be necessary to find" in order to arrive at their determination. Except in the cases mentioned, it is not open to collateral attack. This is the rule applicable to bonds with similar conditions given in proceedings in court. Pioneer Savings & Loan Co. v. Bartsch, 51 Minn. 474, 53 N. W. 764,. 38 Am. St. 511; Pierce v. Maetzold, 126 Minn. 445, 148 N. W. 302; Firemen's Insurance Co. v. McMillan, 29 Ala. 147; McConnell v. Poor, 113 Iowa, 133, 84 N. W. 968, 52 L.R.A. 312; Ballantine & Sons v. Fenn, 84 Vt. 117, 78 Atl. 713, 40 L.R.A.(N.S.) 698. The same rule applies to a bond given in such proceedings as these before a county board. The board acts in a capacity quasi judicial. Its determination, within the limits of its jurisdiction,

is equally conclusive with that of a court. Oxborough v. Boesser, 30 Minn. 1, 13 N. W. 906. Bigelow, Estoppel (6th ed.), p. 72. One not a party who contracts to be bound by the decision of a court or other tribunal is bound by the decision as effectually as a party is bound, and he can attack the decision in a collateral action only in the case in which a party may attack it collaterally, that is, on the ground of fraud, collusion or want of jurisdiction.

There being no claim of fraud or collusion, these defendants can attack the validity of the determination of the county board only on the ground of want of jurisdiction. Irregularities that do not go to the jurisdiction of the board can be urged only in the original proceeding, either before the board or before the court on appeal. We must determine, therefore, whether the objection as to the qualifications of the viewers is one that goes to the jurisdiction of the board. We think it is not. The procedure in county ditch proceedings is, in brief, as follows:

A petition, signed by one or more interested landowners, is filed with the county auditor. This petition must be accompanied by a bond conditioned as these bonds were. Notice of hearing thereon is given by the county auditor, by publication in a newspaper, by posting printed copies of the petition and notice in designated places, and by mailing a copy of the notice to all interested nonresidents of the county whose addresses are known or can be ascertained. When these conditions have been complied with, the county board appoints an engineer to make a survey of the line of the ditch and an estimate of the cost. G. S. 1913, §§ 5526, 5527. The county board then also appoints the viewers. After the filing of the engineer's report it is the duty of the viewers to prepare a tabular sheet showing a description of each tract benefited or damaged and the owners thereof, and to report the total estimated benefits and whether or not in their opinion the estimated expense of construction, together with the damages awarded therefor, are greater than the utility of the proposed ditch. G. S. 1913, § 5528. Upon filing the report of the viewers, the county auditor calls a meeting of the county board and causes notice to be given to all persons interested by publication and posting and by mailing a copy to

all persons whose lands are affected so far as their addresses are known or can be ascertained. The board thereupon proceeds to consider the petition and the engineer's and viewers' reports and to hear and consider testimony adduced of all parties interested. G. S. 1913, § 5531. If the board finds, from the reports and the evidence adduced, that the benefits derived are greater than the total cost of drainage and that the ditch will be of public utility and benefit, they shall make findings to that effect and establish the ditch. G. S. 1913, § 5532. If they refuse to establish the ditch, any person aggrieved may appeal to the district court (G. S. 1913, § 5534), and the matter is there tried *de novo*. McMillan v. Board of Co. Commrs. of Freeborn County, 93 Minn. 16, 100 N. W. 384, 1125; State v. Johnson, 111 Minn. 255, 126 N. W. 1074; Madsen v. Larson, 117 Minn. 369, 135 N. W. 1003. Ample opportunity is thus given to correct errors or irregularities both before the board and before the court on appeal.

The statute in terms provides that upon due publication, posting and mailing of the notice of final hearing, the board shall have "full jurisdiction" of each tract of land described in the viewers' report and in the notice, and of all persons having or owning any interest therein. G. S. 1913, § 5531. The statute thus makes quite plain what requirements are essential to jurisdiction of the board. A petition in proper form is essential to jurisdiction. State v. County Commrs. of Polk County, 87 Minn. 325, 344, 92 N. W. 216, 60 L.R.A. 161. Such a petition, followed by the notices required by law, are the only requirements necessary to vest the board with full jurisdiction. We are clear in the opinion that an objection to the qualification of the viewers does not go to the jurisdiction of the board, and is not ground for collateral attack upon its determination, but that such disqualification, if it exists, is an irregularity merely which must be taken advantage of in the original proceeding. Knoblauch v. City of Minneapolis, 56 Minn. 321, 57 N. W. 928; Kieckenapp v. Supervisors of Town of Wheeling, 64 Minn. 547, 67 N. W. 662; Powell v. Clelland, 82 Ind. 24; Rassier v. Grimmer, 130 Ind. 219, 28 N. E. 866, 29 N. E. 918; New London v. Davis, 74 N. H. 56, 65 Atl. 107; Huling v. Kaw Valley Ry. Co. 130

U. S. 559, 9 Sup. Ct. 603, 32 L. ed. 1045. It is not material whether these defendants, as sureties on a petitioner's bond, had or had not a right to appeal. When they contracted to abide by the result of that proceeding, they chose to accept the result of the proceeding as it should be conducted by those who had the right to participate in it.

Judgment affirmed.