Hillsborough, }
April 4, 1922. }

### ALVIN J. LUCIER v. MANCHESTER.

By P. S., c. 50, s. 1 and Laws 1915, c. 249, s. 1 all the powers vested by law in
    towns are conferred upon the mayor and aldermen of Manchester.
The finance commission of Manchester, appointed under Laws 1921, c. 226, has
    no power to prevent the collection by action at law of a claim arising out of
    a contract made and performed before the establishment of the commission.
The acceptance by a municipal corporation of the performance of services creates
    a liability to pay therefor regardless of the validity of the formal contract of
    hire.

ASSUMPSIT, for services rendered between November 28, 1919,
and January 6, 1921. Trial by the court.

In July, 1919, the plaintiff was retained by the mayor of Man-
chester in a matter wherein the board of public works was under
investigation, and assisted the solicitor in several hearings. The
plaintiff was paid by the defendant. In November, 1919, the plain-
tiff was again retained by the mayor to prosecute charges against
members of the board of commissioners of public works. Under
this employment, the plaintiff conferred with the mayor and others,
with the result that on February 24, 1920, a hearing was held before
the board of mayor and aldermen. Much evidence was introduced
and a verdict was rendered after hearing. At this hearing alderman
Clough interrogated the solicitor at length as to the employment
of the plaintiff, and the solicitor answered as follows:

"In relation to this particular matter, I would like to make a state-
ment. It is a mistake of the presiding officer when he says that Mr.
Lucier is counsel for the mayor. Mr. Lucier is counsel for the city
of Manchester. I know nothing about this matter. The mayor
saw fit to have special counsel to handle the matter and he is here
now. Personally I do not know anything about the case, and I will
not participate in any way whatsoever. I think this is the first
time I ever heard the charges read. However, the city of Manchester
is ably represented by this gentleman here."

Subsequently to this hearing and verdict, the plaintiff represented
the city of Manchester in the superior court in the suit *Warren* v.
*Verrette*, which was prosecuted to a final determination in the supreme
court. November 11, 1920, the plaintiff was notified by the city
clerk of Manchester to be present at the meeting of the board of mayor

and aldermen on November 16, 1920, to answer questions relative
to the public works department controversy. The notification was
ordered by the mayor and aldermen. The plaintiff could not attend
the meeting, and so notified said clerk. November 19, 1920, the
plaintiff was again notified to appear on December 7, 1920. The
plaintiff, in obedience to said notification, appeared and answered
numerous questions concerning the litigation, and upon vote of the
board was excused from further attendance.

April 19, 1921, after the plaintiff had rendered his bill for services,
the board of mayor and aldermen approved the bill and ordered it
paid. Within ten days thereafter the finance commission for the
city of Manchester, established by Laws 1921, c. 226, vetoed the
action. The amount charged by the plaintiff for the services ren-
dered is found to be reasonable.

If on the foregoing facts the plaintiff is entitled to recover, there
is to be judgment for him for $1,546.35, otherwise, judgment for the
defendant.

Transferred from the September term, 1921, of the superior court
by *Marble*, J.

*Alvin J. Lucier*, pro se.

*Thomas J. Bois* (by brief and orally), for the defendant.

PEASLEE, J. "All the powers vested by law in towns, or in the
inhabitants thereof, shall be exercised by the city councils. . . ."
P. S. c. 50, s. 1.

"The common council of the city of Manchester is hereby abolished
and all the powers now by law vested in said common council are
hereby vested in the board of mayor and aldermen of said city, to
be exercised by said board of mayor and aldermen in addition to all
the existing powers of said board." Laws 1915, c. 249, s. 1.

By virtue of these statutes, all the powers vested by law in towns
are exercised by the mayor and aldermen. *Kelley* v. *Kennard*, 60
N. H. 1; *Hall* v. *Concord*, 71 N. H. 367; *Clough* v. *Verrette*, 79 N. H.
356. The acts of the board are the acts of the city. So far as the
transactions here involved are concerned, the board "is the city."
*Baker* v. *Nashua*, 77 N. H. 347, 349.

A municipal corporation may be concluded by an estoppel *in pais*
like a natural person. *Amazeen* v. *Newcastle*, 76 N. H. 250; *Gilbert* v.
*Manchester*, 55 N. H. 298. It is bound by a waiver of its rights.

*New London* v. *Davis*, 74 N. H. 56. It may ratify and adopt an unauthorized contract, thereby making it valid from the beginning. *Hett* v. *Portsmouth*, 73 N. H. 334. And its acceptance of services performed creates a liability to pay therefor, regardless of the validity of the formal contract of hire. *Skinner* v. *Manchester*, 72 N. H. 299.

Applying these principles to the case in hand, the result is at once apparent. The board of aldermen were fully informed as to the facts. They were told that the plaintiff was acting as counsel for the city. They not only made no objection, but they continued to accept his services in proceedings before them, and later, from time to time, recognized his status as the attorney for the city. They never in any way questioned the rightfulness of his employment, or suggested that the city was not liable for the services it continued to take the benefit of. Upon these facts, but one conclusion can be reached. "So long as the city continues to accept the plaintiff's services tendered by him under the contract, they will be legally bound to pay for them." *Skinner* v. *Manchester, supra,* 300.

The action of the finance commission, appointed under Laws 1921, c. 226, whereby it interposed a veto upon the vote of the mayor and aldermen that the plaintiff's bill be paid, is not here involved. No opinion is expressed upon the efficacy of such action in a case where the act of 1921 applies. The plaintiff is not proceeding upon the vote to pay for his services, but upon a contract both made and performed upon his part before the finance commission was created. That the commission has no power to determine the validity of such a contract is conceded. If the commission can veto an appropriation or a vote to pay a preëxisting debt of the city, it cannot prevent the creditor from proceeding to collect his claim by the usual processes of law

*Judgment for the plaintiff.*

All concurred.