STREET COMMISSIONERS OF PORTSMOUTH *v.* CHARLES M. DALE & a.

*Waldron & Boynton (Mr. Waldron* orally); for the petitioners.

*Charles M. Dale, Samuel Levy, Robert W. Upton* and *Laurence I. Duncan (Mr. Duncan* orally), for the defendants.

BURQUE, J.   Three propositions present themselves for our consideration.   I. The claim of the petitioners that the city council in imposing a condition attached to the appropriations for the highway department as to the time and amount available acted illegally, that

the condition therefore is void in that it constitutes an attempt on the part of the council to exercise jurisdiction, authority and control over the highway department.

Under its charter as revised in 1905, the Portsmouth city government is composed of a mayor and city council (hereinafter referred to as the council) entrusted, among other things, with the power and duty of making appropriations for the different departments and supervising expenditures to the extent of approving bills rendered by said departments. (Laws 1905, *c.* 212, *s.* 26.)

One of the departments is that of the then board of public works now known as the board of street commissioners (hereinafter referred to as the commissioners), this by virtue of amendment to the charter adopted in 1933 the effect of which was to change the name of the department, and to give it the same powers as the board of public works had. Laws 1909, *c.* 240. This board is composed of three members, elected at large, and the mayor who acts as chairman *ex officio*, and is given jurisdiction, authority and control of the water works, streets, highways, bridges, sewers, public parks, playgrounds and buildings pertaining thereto. It appoints a water commissioner, street commissioner, and other agents and servants required to conduct its business. It approves its own bills before they are recorded by the city auditor and certified to the city treasurer for payment. It is required to submit yearly its itemized budget for appropriation for its department. This it did as usual in the early part of the present year. The appropriations were not made by the council until July 29. To the appropriation for the highway department and parks and playgrounds was added the following condition: "The above sums appropriated shall be made available by the City Council in such amounts and at such times as they shall determine." August 5 two resolutions were adopted by the city council, one relating to the management, highway maintenance, etc., and another relating to parks and playgrounds in which the amounts are designated in each item, making these funds available to the department until September 30.

The petitioners' position is that from July 29 to August 5 there were no funds available for their department, and that it was not until the board voted to take action in Court that the council made the funds available. They take the position the council has no power to withhold funds after the appropriations are made, and all funds appropriated automatically become available. Whatever merit, if any, there may be in petitioners' contention, is not to be

considered at this time, since the appropriation for the whole year has been made available in full, without conditions attached. The question is therefore moot, and no longer before the Court. *Partridge* v. *Portsmouth*, 86 N. H. 594; *Laconia* v. *Railroad*, 81 N. H. 408, 412.

II. The mayor proposed a program of recreational activities for the summer months to be conducted partly in the parks and playgrounds under the control and supervision of the commissioners, and secured a special appropriation for that purpose, the program to be conducted under his supervision and the money to be expended by him. He took the matter up with the commissioners, and the Presiding Justice finds the commissioners agreed to it. The recreational program was carried out, and no objection raised by the commissioners. They cannot now complain. *Lucier* v. *Manchester*, 80 N. H. 361, 363. See also, *Storrs* v. *Manchester*, 88 N. H. 139, 144.

The petitioners claim the Presiding Justice could not find consent on the part of the commissioners, because there is no record vote to evidence same. No authority is submitted to sustain the claim that a record vote was required, nor can we find any. There was sufficient evidence upon which a finding of consent could be and was made, and the petitioners' claim that the mayor invaded the powers of the commissioner and acted *ultra vires* is untenable.

The Presiding Justice rightfully refused to issue an injunction restraining the mayor from conducting the recreational activities he had entered upon. The exception is overruled.

III. The commissioners requested an appropriation to be expended on a grandstand in the playground where the baseball diamond is located. The council did not grant this appropriation, but instead inserted an item of $325 for repairs to bleachers. It now appears that the appropriation was amended and modified so that the amount requested has been made available for repairs to either the grandstand or bleachers. This question, therefore, is also moot. *Partridge* v. *Portsmouth, supra: Laconia* v. *Railroad, supra.*

*Bill dismissed.*

All concurred.