**DONALD  WILLIAMS,  Plaintiff**

**v.**

**LEONARD  SCRAWDER,  Defendant**

Civil  No.  10 - 1951

District  Court  of  the  Virgin  Islands

Div.  of  St.  Croix  at  Christiansted

June  18,  1952

WARREN H. YOUNG, *for plaintiff*
ALMERIC L. CHRISTIAN, *for defendant*

MOORE, *Judge*

This is an action for trespass brought by Donald Williams against Leonard Scrawder. The matter came on for hearing with plaintiff represented by Attorney Warren H. Young and defendant by Attorney Almeric L. Christian.

Plaintiff claims that defendant wrongfully removed the fence between their adjoining properties causing loss to plaintiff of horses pastured on his land and the expense of replacing the fence removed. Plaintiff prays for judgment in the amount of $248.80 for the alleged damages.

Defendant claims that the fence was entirely on his property and that he had a right to remove it with notice to plaintiff which was admittedly given.

The case necessarily turns on the question of whether defendant had a right to remove the fence. To hold that defendant had such a right, it must be shown that the fence was entirely on his own land and was at all times considered and acknowledged to be an interior fence on his property and not a division fence between the adjoining properties. If, on the other hand, the fence was shown to be exactly on the boundary line, there would be no question that the fence was the joint property of the adjoining landowners. But neither of these factual situations obtains in this case. The fence was

242

admittedly put up by defendant originally, but was located "more or less on the boundary line," being in some parts as much as 600 feet over on one side or the other, and considered as a division or partition fence by the parties heretofore, both sides claiming to have spent for its maintenance and repair.

The question for the Court is, therefore, whether as a matter of law this fence could be said to have been a partition fence. If it was a partition fence, defendant had no right to remove it or any part thereof without the consent of the plaintiff, and if it was not a partition fence but the property of defendant, he had no other duty to plaintiff but to give reasonable notice of removal.

No local law or provision on this matter has been shown to the Court which defines with any exactness what shall be considered a partition fence. The old Danish ordinance of 1886 on "Fencing" refers to the duty of adjoining landowners to defray "conjointly" the expenses of erecting a fence on the boundary line and has other provisions for forcing contributions by landowners to the cost of fences erected by one owner, but the law does not define a partition fence for which contribution may be required other than to list the materials of which the fence may be constructed. Another Danish ordinance of 1886, entitled the "Impounding of Animals," declares that "any person who destroys fences is liable to fines and imprisonment and . . . such person is besides bound to refund to the owner of the animals thus loosed . . . for the want of the animal."

We, therefore, have to look elsewhere for what constitutes a partition fence. American Jurisprudence, cited by counsel, says a partition fence is "a fence erected on the dividing line between the lands of adjacent owners" (22 Am. Jur. 522) and further on, that "an unequal occupancy of the land of one adjoining owner does not

243

necessarily deprive the structure of the character of a partition fence." In addition, it is recognized that it is not necessary that a partition fence be located precisely on the true boundary line. Oxborough v. Boesser, 30 Minn. 1, 13 N.W. 906. According to Corpus Juris Secundum a fence erected on the line between the lands of adjoining owners generally belongs to them as tenants in common. 36 C.J.S. 659.

While the evidence in this case is conflicting in several respects, the evidence as to the location of the fence convinces this court that the fence in question was to all intents and purposes a partition fence. It was the only fence or dividing line between the two properties; like all boundary fences over rugged land, it zigzagged the actual boundary, being in some parts more on plaintiff's land than on defendant's and vice versa; it was repaired at different times by both plaintiff and defendant; it was used by both plaintiff and defendant to keep their respective animals enclosed and this use was known by one to the other. The testimony of the two policemen that from the old bound posts and holes in the ground, it appeared that the original fence was "more or less on the boundary" if considered more controlling by the Court than the testimony of defendant's witness, Sidney Joseph, that he personally measured the fence line to insure that the fence would be exactly half an arm's length away from the boundary on defendant's land. Even if greater weight were given to Joseph's testimony, the fact that a fence is eighteen inches away from the boundary does not prevent its being a partition fence if, in fact, it was so considered and used by the parties. The fact that the fence was to all intents and purposes a partition fence does not settle boundary disputes but it does render to each party such rights as accrue in a partition fence. The Court, therefore, concludes on the weight of

244

the evidence that the fence in issue was a partition fence and the joint property of the adjoining landowners.

In view of this finding we now have to consider what were the rights and limitations of each owner with respect to removal of this fence or a portion of it.

■ It appears to have been generally held that a partition fence considered the joint property of the adjoining landowners cannot be arbitrarily removed or destroyed by either of the owners without the consent of the other. 36 C.J.S. 660. In this case it is admitted that defendant did give notice to plaintiff of his intention to remove the fence, and that plaintiff objected to its removal. It might be mentioned that defendant was also advised against removal of the fence by patrolman Clark of whom he had enquired as to his rights with respect to removal of the fence. Defendant must, therefore, be held liable for the natural and probable damage occasioned by removing the fence.

■ ■ The rule as to measure of damages in this type of case, in addition to liability for the value of the fence, is that the one who destroys or removes the fence wrongfully is liable for all the direct, proximate and necessary consequences of the destruction or removal. Under this rule, as well as under our old Danish law which is still operative here, defendant is liable for the loss of such animals as proved by plaintiff.

The Court finds defendant liable for damages for the loss of the two horses belonging to defendant and valued at $30 and $20 respectively. The Court is not fully satisfied from the evidence, there being no corroborative testimony, that the plaintiff had almost [sic] two additional horses, valued at $100, belonging to some other person for whom they were being pastured. Therefore, no recovery will be permitted in this suit for those two horses. If, however, it can be proved that horses were in fact being boarded

there and did escape and were lost as a result of the removal of the fence by defendant, the owner of these horses has a right of recovery and may bring suit in this court therefore.

With respect to defendant's liability for replacing the fence, the Court finds, in accordance with the Ordinance of 1886 and By-law of 1887, requiring equal contribution by joint owners of partition fences, that defendant is liable for one-half the cost of replacement inasmuch as the previous fence was put up entirely by defendant with no contribution from the plaintiff. Consequently, the replacement of this fence should be borne equally by them. Since plaintiff established that it cost him a total of $98.80 to replace the fence, defendant is liable in damages for the fence in the sum of $49.40, half the cost of the new fence. Plaintiff, therefore, is entitled to recover a total of $99.40 from defendant for the wrongful removal of the fence by him.

Decree may be drawn in accordance with this opinion.