Rockingham,
  June, 1896.

### BERNARD v. MARTEL, SANBORN, *Assignee, Claimant.*

An attachment made on the third day of October is dissolved by an insolvency proceeding begun on the second day of the following January.

ASSUMPSIT, for goods sold. Facts agreed. The defendant's property was attached on the writ, October 3, 1895. He was decreed an insolvent upon a creditors' petition filed January 2, 1896. If the insolvency proceeding dissolved the attachment, the plaintiff is to be nonsuited; otherwise, he is to have judgment.

*Eastman, Young & O'Neill*, for the plaintiff.

*Drury & Peaslee*, for the claimant.

CHASE, J. "When time is to be reckoned from a day, date, act done, or the time of an act done, either by force of law or by virtue of a contract made since the twenty-third day of December, eighteen hundred and forty-two, such day, date, or the day when such act is done shall not be included in the computation." P. S., *c.* 2, *s.* 34. These terms are general and apply equally whether the time is to be reckoned backward or forward from the specified day or act. The purpose of the statute was "to establish a uniform rule of computation" (*Ricker* v. *Blanchard*, 45 N. H. 39, 48); and there is no reason for supposing that the uniformity intended was to be less extensive than the terms used naturally import.

Three months before January 2, 1896,— the date of the beginning of the insolvency proceeding,— extended to and included October 2, 1895. The plaintiff's attachment, having been made within that time, was dissolved by the proceeding. P. S., *c.* 201, *ss.* 26, 55.

*Plaintiff nonsuit.*

All concurred.