H. N. Marshall, Appellant, *v.* The Borough of Ellwood City, George J. Boyd, R. G. Brown, M. S. Cox, Charles Helling, James Lennigan, W. H. Tinker, S. P. Turner and Silas Stevenson, Town Councilmen, Silas Stevenson, President of the Town Council, J. W. Humphrey, Secretary, and R. G. Brown, Treasurer of said Borough.

*Municipalities—Boroughs—Disqualification of member of council—Contract for furnishing supplies and material — Water companies — Act of March* 31, 1860.

Although a stockholder and secretary of a water company who is also a member of a borough council is disqualified from voting on an ordinance for the supply of the borough with water by the water company, yet the ordinance itself is not rendered invalid by such a vote if it appears that the contract is legitimate, and that a majority of the members of the council without counting such member voted in favor of the ordinance.

Argued Oct. 22, 1898. Appeal, No. 203, Oct. T., 1898, by plaintiff, from decree of C. P. Lawrence Co., March T., 1898, No. 1, on bill in equity. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to have an ordinance and municipal contract declared illegal and void. Before WALLACE, P. J.

The court found the following facts :

1. Ellwood City is a borough duly incorporated, having its borough council.

2. The Ellwood Water Company is a corporation duly incorporated.

3. H. N. Marshall is a taxpayer of the borough of Ellwood City.

4. Samuel A. Roelofs, at the time of the passage of the ordinance providing for the contract with the Ellwood Water Company, was a member of the borough council for the borough of Ellwood City.

5. At the time of the passage of this ordinance, Samuel A. Roelofs's name appeared upon the stock book of the Ellwood

Water Company as a stockholder, and that his name also appeared upon the minutes of the meetings held by the Ellwood Water Company as secretary of said water company.

6. He acted as secretary of the water company at its meetings, signed certificates, and made affidavits as secretary.

It is contended, however, that while he appeared there as secretary he was simply a nominal secretary, and that while the certificate of stock stood in his name, that he was not the owner of any stock, but simply held in trust for somebody else or some other corporation. So far as our findings of fact are concerned we can come to but the one conclusion, and that is, that Samuel A. Roelofs was at the time of the passage of this ordinance secretary of the Ellwood Water Company and also a stockholder of said company, and so we find. Further, we find that at the time of the passage of the ordinance making the contract with the Ellwood Water Company that there were five members of the town council present, which was a clear quorum necessary to conduct the business of the borough; that the five members present voted, including Mr. Roelofs's vote, in the affirmative, and that the ordinance was declared passed. In our view of this case these are about all the facts that we deem it necessary to find outside of those which are laid in the bill and admitted by the answers.

CONCLUSIONS OF LAW APPLIED TO FACTS FOUND.

Having found that Mr. Roelofs was a stockholder in the water company at the time he voted for the ordinance we can come to but one conclusion as to his vote and that is, that it was a violation of the 66th section of our criminal code and by reason of its being a violation of the code, was illegal and the vote was illegally cast. The 66th section of our criminal code, providing, in substance, that no person interested in any corporation holding or desiring a contract with the borough, or any municipal corporation shall vote or be a member of the borough council, and the so voting is declared a misdemeanor. So, being a violation of the law, and being a misdemeanor, his vote is clearly illegal. The next question is, what effect does the vote of Samuel A. Roelofs have upon the validity of the ordinance? As it is urged by the plaintiff in this case that the fact of his vote being illegal the ordinance passed is illegal

and void. And in support of this position he relies principally upon two cases which were quoted and argued fully in our Supreme Court. The first case is that of Milford v. Milford Water Company, 124 Pa. 610, wherein the contract with the water company was held void and illegal. In the discussion of that case by the Court it was found as a fact that there were six votes cast for the ordinance making the contract with the Milford Water Company, and also found as a fact that four of the six members who voted for the ordinance making the contract were stockholders of the water company. These four being stockholders of the water company, violated the law when they voted for that contract, and by violating the law they made their votes illegal, and by striking out the four votes which were illegally cast it left but two legal votes in that council for the ordinance, and the ordinance was illegally passed and void. This was so held by the Supreme Court, but in their opinion they decided nothing else. Again, the counsel rely and urge upon us the case of Trainer v. Wolfe, reported in 140 Pa. 288. This is a case wherein a school board contracted with Mr. Wolfe for the purchase of land for a school building and he was enjoined and the contract declared void. And some of the facts in the case reveal this status : Mr. Wolfe, the landowner, and the party who sold the land to the school board, was at the time he made the contract for the sale of the land, treasurer of the school board and also a member thereof, and when the vote was taken to make the contract, Mr. Wolfe cast the deciding vote in favor of the purchase of his own land. This was clearly in violation of the 66th section of our criminal code, and was an illegal vote. Hence, his vote being illegal should not count and the resolution not having a majority of those present failed.

[As a matter of law, and it is all through the long line of decisions, we find that all ordinances that are passed by a majority of legally cast votes, and duly approved, are valid. Any ordinance that lacks a majority of legal votes must surely be invalid.] [1]

And this raises the question, if there be an invalid vote cast, does that invalidate the ordinance passed by a majority of valid votes ? Let us see : To illustrate, we will take the city council of the city of New Castle with its twenty-one members. Would

it be reasonable to say, or would it be good law to urge, that if the twenty-one voted for an ordinance and it afterwards appeared that one of these members had cast an illegal vote—had committed a crime, had violated our criminal code,—to say that that illegally cast vote invalidated the ordinance passed by the twenty legal voters? Or, take the city of Pittsburg with over one hundred councilmen and apply the same reasoning, and could any court say that because one member of council had cast an illegal ballot and thereby made himself liable to a penalty, that that illegal ballot would vitiate and make void all the business of the council in which he had cast a vote without regard to whether his vote was necessary to pass the ordinance or not. We cannot look at the law in that way. We are satisfied that if the passage of the ordinance depended upon the vote, and that was illegal, then it should be thrown out and the ordinance would be declared invalid.

In the case before us we have five members present and five affirmative votes, including Mr. Roelofs's, for the ordinance. Mr. Roelofs's vote was clearly illegal, hence it should be thrown out and cast aside. But what effect does the casting aside or the declaring of his vote illegal have upon the ordinance? [The minutes of the council clearly show that a majority of the councilmen present voted for the ordinance, and while Mr. Roelofs's vote was illegal and cast aside, the ordinance would be valid without his vote.] [2]

[So we cannot say, by applying the law to the facts as we have found them, that this ordinance is invalid, and we hold, as a matter of law, that the ordinance passed making the contract with the Ellwood Water Company, was a valid contract,] [3] there being no question raised as to any other matters pertaining to it except the evidence of Mr. Roelofs. With this view of the case and these findings of fact we think it unnecessary for any further discussion.

[And now, September 16, 1898, the bill in this case is dismissed with costs.] [4]

*Errors assigned* were (1–4) portions of opinion as above, quoting them.

*J. Norman Martin*, with him *H. K. Gregory*, for appellant.— The act does not contemplate that the validity of the contract shall

depend on the part taken by the respective members of council. It is broad in its terms. It is enough that Roelofs was a member of a corporation that contracted to furnish water to a municipality of which he was a councilman; particularly is this enough when he presided at the voting and voted for the ordinance. To hold otherwise is to encourage the lobbyist to become a member of counsel and thereby increase his influence in behalf of his desired legislation: Milford Borough v. Milford Water Co., 124 Pa. 610; Trainer v. Wolfe, 140 Pa. 279; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173; Seidenbender v. Charles, 4 S. & R. 151; Com. v. DeCamp, 177 Pa. 112; Com. ex rel. v. Allen, 70 Pa. 465; Barton v. Plank Road Co., 17 Barb. 397; Bank v. Owens, 2 Pet. 527; Tiedeman on Municipal Corporations, sec. 166; Smith v. City of Albany, 61 N. Y. 444; Bellaire Goblet Co. v. City of Findlay, 5 Ohio C. C. R. 418; People v. Township Board of Overyssel, 11 Mich. 222.

*Walter Lyon* with him *D. B. Kurtz, L. T. Kurtz* and *Charles H. McKee*, for appellee.—The ordinance was not illegal: Oil Creek, etc., R. R. v. Penna. Transportation Co., 83 Pa. 160; Wright v Pipe Line Co., 101 Pa. 204; Lestapies v. Ingraham, 5 Pa. 71; Mercantile Library Hall Co. v. Pittsburg Library Assn., 173 Pa. 30; Flagg v. Manhattan Ry. Co., 10 Fed. Rep. 413; Pneumatic Gas Co. v. Berry, 113 U. S. 322; Barr v. Pittsburg Plate Glass Co., 51 Fed. Rep. 33.

OPINION BY MR. JUSTICE GREEN, January 3, 1899:

It is expressly found as a fact by the learned court below that Roelofs was a member of the borough council at the time of the enactment of the ordinance in question. He was also at the same time a stockholder and secretary of the Ellwood Water Company. It is beyond all question that under the 66th section of the criminal code of March 31, 1860, P. L. 400, he was disqualified from holding the position of councilman, both on account of his membership, and of his office as secretary of the water company. The decisions of this Court in the cases of Milford v. Milford Water Co., 124 Pa. 610, and Trainer v. Wolfe, 140 Pa. 279, fully establish the disqualification in such circumstances. The literal reading of the 66th section of the act in question deals with the individual and prescribes the

penal consequences of his dereliction in very plain and emphatic terms. But those consequences are personal to the offender and do not in terms extend to, or embrace, the legal effect of the municipal transactions in which he participated. Nothing upon that subject is contained in the act of 1860. We held, however, in both cases cited, that the municipal transactions involved therein were invalid, entirely illegal and altogether void. The absolute facts developed in those cases necessitated such a conclusion, because in both the municipal action in question was produced by the votes of the disqualified members themselves. Thus in the Milford Borough case referred to the ordinance in question was passed by a majority of members who were also directors of the water company. As the act of each member in voting for the ordinance was a criminal and therefore a void act, the combined vote of the whole was illegal and void, and the ordinance was necessarily a void ordinance. It was conceded in the opinion that the borough might subsequently, after being purged of its disqualified members, have passed a similar ordinance which would have been legal. In the Trainer case the members of the school board were divided, and the deciding vote was cast by a member who had an interest in the land, the purchase of which was the subject of the pending resolution. It followed that the ordinance was passed by means of a disqualified vote, and therefore came within the ruling in the Milford Borough case. In point of fact however it was held that as the statute was a highly penal one it must receive a strict construction, and as the subject of the resolution was a purchase of land, it was not embraced within the prohi bition of the act which included only "supplies or materials," and the resolution was not affected by the act, and the bill was dismissed.

It will thus be seen that the question now presented is not the same that was considered in the two cases above named. The subject-matter of the ordinance being the supply of water must be considered as within the prohibition of the act. But the passage of the ordinance did not depend upon the vote of the disqualified member. The council consisted of six members, of whom five were present when the ordinance in question was proposed. The whole five voted in favor of the ordinance, one of them being Mr. Roelofs. Four votes were a clear majority

of the whole number of councilmen. None of these four members was disqualified, and the ordinance was passed by a majority of the whole number of members without any regard being had to the vote of Mr. Roelofs. His vote, therefore, had no legal efficacy in the passage of the ordinance. It was passed by the qualified vote of the other four members. Does an ordinance which has enough legal votes to sustain it become illegal because there were other persons, one or more, voting in its favor, who were not qualified to vote? It would be an astonishing proposition to submit, that an ordinance in a body of fifty or a hundred members, which was passed by a considerable majority of perfectly qualified votes, should be declared illegal, because it had received the supporting vote of one member who was disqualified. We have not been referred to any decision of any court holding such a doctrine, and we cannot imagine that any such decision can be found. We know of no reason, in the present case, why the invalid vote of one member of the council should be held to invalidate the perfectly legal vote of the other four members. The fallacy of the opposing argument lies in the assumption that the contract itself between the borough and the water company was illegal. Such is not the case at all. The contract inherently was a perfectly legitimate contract, which the parties were at liberty to make. Hence the authorities cited for the appellant in which contracts made by a municipality with a prohibited person, such as a member of councils, or a member of a purchasing committee, or by a county board of commissioners with one of its own body, are held to be invalid, have no application. Such was the case in Com. v. Commissioners of Phila. Co., 2 S. & R. 193. There the board of commissioners made a contract for the purchase from one of their own number of a quantity of chairs from him. It was held void as a contract, because it was prohibited by the act of March 21, 1806. And so in the other cases cited. They are cases of prohibited contracts. But such is not the fact here. There was no prohibition of a contract for the supply of water between the borough and the water company. Such contracts are of frequent occurrence and are highly beneficial where the municipality is unable for want of means to build its own works. The criminal code of 1860 prohibited a member of a municipality from being interested in a contract for furnishing supplies

or materials to the corporation and imposed personal penalties upon him if he violated the act, and to those penalties he is of course liable.   But the invalidity of such a contract is not declared as a penal consequence or as any consequence of such a situation.   While it must be conceded that if a majority of those voting for the ordinance, or even one vote, if that vote determined the passage of the ordinance, would establish the invalidity of the ordinance, we cannot think that such a consequence could result from the mere fact that there was only one member of council who had an opposing interest, and the ordinance was passed by a majority of legally competent members without any reference to his vote.   Entertaining these views we think there was no error in the ruling of the court below.

The decree of the court below is affirmed and the appeal dismissed at the cost of the appellant.