## Conner et al. v. Blue Line Transfer Co., Inc.

*William R. Toal*, county solicitor, for petitioners.

*Elgin E. Weest*, for respondent.

MACDADE, P. J., October 18, 1946.—We have for consideration a petition for declaratory judgment to which an answer was filed admitting the facts but denying the legal conclusions drawn therefrom and joining in the prayer for a declaratory judgment. From the petition and answer we make the following

### Findings of fact

1. Petitioners. are the duly elected commissioners of the County of Delaware.

2. Respondent, Blue Line Transfer Company, Inc., is a corporation duly organized to do business in the Commonwealth of Pennsylvania, with its principal office located at Third and Broomall Streets, Chester, Delaware County, Pa.

3. It is the duty of the county commissioners, in their official capacity, to arrange for and enter into contract or contracts for the hauling of certain voting

machines to and from the county garage to serve the electors and to be used at the general election to be held November 5, 1946.

4. On September 9, 1946, the county commissioners authorized the Controller of Delaware County to advertise for bids for the furnishing of trucks and labor for hauling voting machines for the general election to be held on November 5, 1946.

5. Accordingly, the county controller advertised, once a week for three consecutive weeks, in three newspapers of general circulation in the County of Delaware, for sealed proposals to be received at the county controller's office, Court House, Media, Pa., until 10 o'clock a. m., October 7, 1946, said bids to be publicly opened at 11 o'clock a. m. on the same day.

6. As a result of said advertisements, requests for copies of invitations for bids and general conditions and specifications were received from respondent and from Headley's Express and Storage Co., and in accordance with such requests, the county controller sent to each concern a copy of said invitation for bids and general conditions and specifications.

7. In addition, on September 18, 1946, the county controller sent invitations for bids and copies of the general conditions and specifications to three other concerns engaged in the business of truck hire and hauling, to wit, Chadwick Service, Millville Storage Co., and Atlas Transportation Co.

8. At 8:45 a. m. on Monday, October 7, 1946, the said Controller of Delaware County received a sealed proposal from respondent, the Blue Line Transfer Company, Inc.

9. At 11:02 a. m. the said Controller of Delaware County received a sealed proposal from Headley's Express and Storage Co.

The first deputy controller, Cantwell G. Wright, acting for the Controller of Delaware County, attended in person the meeting of the board of commission-

ers held on Monday, October 7, 1946, and produced the aforesaid two sealed proposals, informing the commissioners of the time they were received and that there were no other bids received.

11. Whereupon the board of county commissioners officially requested the first deputy controller to publicly open all sealed proposals received and it was found that the following bids were made for hauling voting machines to and from the polls for the general election to be held Tuesday, November 5, 1946:

> Blue Line Transfer Company, Inc.....$3,770
> Headley's Express and Storage Co... 4,340

making the said Blue Line Transfer Company, Inc., respondent, the low bidder by $570. Whereupon, in the presence of the said first deputy controller, the board of county commissioners, by unanimous vote, awarded the contract for hauling voting machines to and from the polls for the general election to be held Tuesday, November 5, 1946, to Blue Line Transfer Company, Inc., respondent, at its bid price of $3,770.

12. That the written contract required by law to be executed by the commissioners of Delaware County, on behalf of the County of Delaware, and by the successful bidder, has not as yet been executed, and none of the bonds, as required by the general conditions and specifications, have been executed and delivered to the County of Delaware by the said Blue Line Transfer Company, Inc.

13. The president of the corporation known as the Blue Line Transfer Company, Inc., respondent, is G. R. Watkins, who is also the duly elected Sheriff of Delaware County.

### Questions involved

The prayer of the petition is that this court

(a) Enter a declaratory judgment construing the rights of petitioners to make or not to make a written

contract with respondent, the Blue Line Transfer Company, Inc.;

(*b*) Determine whether or not the said G. R. Watkins, president of the Blue Line Transfer Company, Inc., and also the duly elected Sheriff of the County of Delaware, is such a member, officer or agent of the County of Delaware who is prohibited by The Penal Code of June 24, 1939, P. L. 872, sec. 682, from being in any wise interested, directly or indirectly, in any contract for the sale or furnishing of any supplies or materials to be furnished to or for the use of the said County of Delaware:

(*c*) Determine whether or not the said Act of 1939 encompasses in its provisions under the terms "supplies or materials" the furnishing of trucks and labor to haul voting machines for the County of Delaware.

### Discussion

We will answer the three foregoing questions in the reverse order.

Section 682 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS §4682, provides as follows:

"Whoever, being a councilman, burgess, trustee, manager or director of any corporation, municipality, or public institution, and at the same time the treasurer, secretary or other officer, subordinate to the president and directors of the corporation or governing body of the municipality or public institution, and receives a salary therefrom, or at the same time the surety of any such officer; or whoever, being a member of any corporation, municipality or public institution, or any officer or agent thereof, is in anywise, directly or indirectly, interested in any contract for the sale or furnishing of any supplies or materials to be furnished to or for the use of such corporation, municipality or public institution of which he is a member or officer, or for which he is an agent, or receives any reward or gratuity from any person interested in

such contract or sale, is guilty of a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one (1) year, or both, and forfeit his office in such corporation, municipality or institution.

"Nothing contained in this section shall prevent a president or vice-president of any banking institution from being a director of such bank, or of receiving a salary as president or vice-president."

It was a reënactment of section 66 of the Act of March 31, 1860, P. L. 382, which was frequently before the courts for construction. It is clear that under this section, unless the subject matter of the contract covers the sale or furnishing of any supplies or materials to or for the county, neither the sheriff nor any corporation of which he is a stockholder or officer would come within its provisions. We have not been referred to any appellate case holding that the furnishing of trucks to a municipality for transporting its property from place to place is a furnishing of "supplies or materials" and we, in our own independent research, have been unable to find any such decision. There appear to be lower court decisions on both sides of the question. However, the cases in Delaware County hold that a contract for transportation does not come within the aforesaid provisions of the Criminal Code.

In Bentley v. Gillespie, 19 Del. Co. 111, former President Judge Fronefield held that a contract by a school director to transport pupils to and from school was not a contract to furnish supplies or materials and therefore not prohibited by section 66 of the Act of 1860.

The Bentley case was cited and followed by President Judge MacDade in Glenolden and Norwood High School School Directors' Appeal, 26 Del. Co. 550, at page 558.

While neither of these cases went exhaustively into the reasoning, we feel that they were proper and we see no reason why we should not continue to follow them. Penal statutes must be strictly construed. The legislature has placed the prohibition on contracts for "supplies or materials." It did not condemn contracts for services which could easily have been included if it were so intended. The contract involved in the present case is clearly one to furnish services. The trucks involved are not to be rented to the county and used by its employes but the successful bidder was not only to furnish the trucks but also the labor. We cannot see how this could in any way be construed to be the furnishing of supplies or materials. Accordingly, we hold that if this contract were to be executed by the parties there would be no violation of section 682 of the Penal Code of 1939.

The second question presented is whether or not the sheriff is such an officer of the County of Delaware as is contemplated by section 682 of the Act of 1939. In view of our answer to the first question, this question becomes immaterial in the present case, but we have come to the conclusion that had this been a contract for supplies and materials, the sheriff would have been within its terms. It was said in Commonwealth v. Witman, 217 Pa. 411, that the Act of 1860, the predecessor of the present act, "plainly intended to prevent anyone who is a member, officer or agent of any corporation, municipality or public institution, from being in any wise interested, directly or indirectly, in the furnishing of supplies or materials to the corporation, municipality or institution with which he is officially connected. The statute intends to prohibit persons from occupying a position in which they will be virtually contracting with themselves."

From this language it would seem that the officers intended to be covered were those officers who had the right to vote on the making of the contract and most

of the cases construing this section were cases involving such officers.

However, in In re Appeal from the Report of Township Auditors of Coal Township, 95 Pa. Superior Ct. 401, it was held that an engineer of highways was such an officer of a first class township as came within the provisions of the act. It therefore follows that it is not only the voting officers but any officers of the municipality who are prohibited from being interested in contracts made by the municipality. It is argued that because section 64 of The General County Law of May 2, 1929, P. L. 1278, specifically prohibits "any county commissioner, treasurer or controller to be in any wise, either directly or indirectly, personally interested in any contract to which the county is a party . . ." all other officers are exempt under the theory of expressio unius est exclusio alterius. However, it will be noticed that The General County Law prohibits those officers from being interested in *any* contract, while the Penal Code prohibits any officer from being interested in a limited number of contracts, to wit, those for supplies or materials only. We, therefore, do not feel that they are repugnant. Therefore we hold that had this contract been a contract for supplies or materials, the sheriff or a corporation in which he was a member would be prohibited from entering into it.

The final question is whether or not the county has the right to enter into a written contract with the Blue Line Transfer Co., Inc., for the furnishing of trucks and labor for hauling voting machines to and from the polls on November 5, 1946. Our answer to this question must be in the affirmative. We have already held that this contract is not for the furnishing of supplies or materials and therefore is not a violation of section 682 of the Penal Code. However, even if it were, that fact would only affect the liability of the sheriff to prosecution thereunder and would not affect

the validity of the contract itself, since he was not one of the county officers who voted in favor of making it. This may appear to be an anomaly but such was the specific holding in Marshall v. Ellwood City Boro et al., 189 Pa. 348. In that case one member of a borough council of five voted in favor of a contract in which he was involved. The court held that since there had been enough legal votes to pass the ordinance with his vote eliminated, the ordinance itself was valid even though he might be open to criminal prosecution. It distinguished the cases of Milford v. Milford Water Co., 124 Pa. 610, and Trainer et al. v. Wolfe et al., 140 Pa. 279, on the ground that in each of these cases the illegal vote was necessary in order to obtain the required majority. The court said (p. 354) :

"The criminal code of 1860 prohibited a member of a municipality from being interested in a contract for furnishing supplies or materials to the corporation and imposed personal penalties upon him if he violated the act, and to those penalties he is of course liable. But the invalidity of such a contract is not declared as a penal consequence or as any consequence of such a situation. While it must be conceded that if a majority of those voting for the ordinance, or even one vote, if that vote determined the passage of the ordinance, would establish the invalidity of the ordinance, we cannot think that such a consequence could result from the mere fact that there was only one member of council who had an opposing interest, and the ordinance was passed by a majority of legally competent members without any reference to his vote."

There appears, therefore, to be no reason why the county commissioners should not enter into the present contract. We are not considering or passing upon the moral or political wisdom of the sheriff in bidding, directly or indirectly, for a contract with the County of Delaware. It is enough to say that we are convinced that there is no fraud involved. The re-

quests for bids were advertised as required by law. Invitations for bids were sent to three companies which did not reply to the advertising. The bid of the competitor could have been rejected because it had not arrived at the time mentioned in the advertising. Nevertheless, it was opened and considered. The bid of respondent was considerably lower and the county will save $570 by its acceptance. We commend the county commissioners for their caution but we see no legal reason why they should not execute a contract under the terms of the bid as submitted by respondent. Accordingly we enter such an order.

### Conclusions of law

1. A contract to furnish trucks and labor for hauling voting machines to and from the polls is not a contract for supplies or materials within the provisions of section 682 of the Act of June 24, 1939, P. L. 872.

2. The duly elected sheriff is such an officer of the County of Delaware as is prohibited by section 682 of the Act of June 24, 1939, P. L. 872, from entering into a contract, directly or indirectly, with the County of Delaware for the furnishing of supplies or materials.

3. The county commissioners are not prevented from entering into a contract with a corporation for the furnishing of trucks and labor for hauling voting machines to and from the polls because of the fact that the duly elected sheriff of the county is an officer of the company offering to furnish such transportation.

### Order

And now, to wit, October 18, 1946, it is hereby ordered and decreed that Clarence L. Conner, William R. Mooney and James F. Dougherty, commissioners of the County of Delaware, be and they are hereby directed to enter into a written contract for hauling voting machines to and from the polls for the general elec-

tion to be held Tuesday, November 5, 1946, with the Blue Line Transfer Company, Inc., at its bid price of $3,770, when the other requirements of the general conditions and specifications have been complied with by the said Blue Line Transfer Company, Inc.

Respondent to pay the costs of these proceedings.