Strafford
No. 91-089

DENNIS QUINLAN & a.

v.

CITY OF DOVER & a.

October 14, 1992

*Nancy K. Sousane*, of Dover, by brief and orally, for the plaintiffs.

*McNeill & Taylor, P.A.*, of Dover (*Lynne M. Dennis* and *Malcolm R. McNeill, Jr.* on the brief, and *Mr. McNeill* orally), for the intervenor, Hannaford Brothers Co., Inc.

*Scott E. Woodman*, city attorney, and *Wyskiel, Boc & Reid, P.A.*, of Dover (*Mr. Woodman* and *Christopher A. Wyskiel* on the brief), by brief for the defendant, the City of Dover, and the intervenor, Jalbert Leasing, Inc.

HORTON, J. The plaintiffs, Dennis Quinlan, Kevin and Lydia Cooper, and Stephen Towne, appeal an order of the Superior Court (*Nadeau*, J.) dismissing their appeal from a decision of the Dover City Council that rezoned approximately forty acres of land from low density residential use to commercial use. The plaintiffs, property owners within the rezoned area, raise three issues on appeal. First, they maintain that the rezoning was invalid because the planning board failed to make a report and recommendation to the city council on the proposed zoning change in accordance with the mandatory language of the city code. Second, they argue that the city council erred in relying on the Dover revised master plan in rezoning the parcel. Finally, they assert that prejudgment by members of the city council disqualified them from voting and, therefore, that the council's action is voidable. Finding no error, we affirm.

The City of Dover (the city) experienced unprecedented, rapid-paced, and overwhelmingly residential development in the mid-1980's. In response, a comprehensive revision to the city's master plan, establishing a city goal of creating more commercial and industrial zones, was prepared and adopted by the planning board in 1988. The revised master plan specifically identified a ninety-acre parcel, which contains the area at the intersection of New Hampshire Routes 9 and 155 at issue here, as a site for a commercial zone "to allow for a shopping center and a hotel site." DOVER MASTER PLAN 174 (1988). A major part of this parcel is the subject of the challenged rezoning.

The Dover Planning Board held public hearings on the rezoning proposal from 1988 through 1990, resulting in the planning board's formal proposal to the city council on April 10, 1990, to rezone. The zoning amendment was introduced at the regular meeting of the city council on April 24, 1990; a public hearing was held on June 27, 1990; and the amendment was adopted on July 25, 1990, by a 5–1 vote.

The plaintiffs filed a motion for rehearing, which was denied by the city council on August 15, 1990. The plaintiffs appealed to the superior court pursuant to RSA 677:4. Jalbert Leasing, Inc. held an option to sell nine acres of the rezoned parcel to Hannaford Brothers Co., Inc.; thus, both were permitted to intervene. Following a trial on the merits, the superior court upheld the decision of the city council. This appeal followed.

The trial court will not set aside the city council's decision to rezone the parcel, absent any error of law, unless the trial court is persuaded by the balance of probabilities, on the evidence before it, that the decision is unreasonable. RSA 677:6. "[T]he burden of proof shall be upon the party seeking to set aside any . . . decision of the local legislative body to show that the . . . decision is unlawful or unreasonable." *Id.* "Our standard of review is not whether we would have found as the [fact finder] did, but whether there was evidence on which he [or she] could reasonably base his [or her] findings." *Biggs v. Town of Sandwich*, 124 N.H. 421, 426, 470 A.2d 928, 931 (1984).

The plaintiffs first argue that the city council and the planning board failed to comply with a mandatory provision of the Dover City Code (the code); namely, that the planning board "shall make a report and recommendations on the amendments or changes referred to it by the City Council within thirty-one (31) days after the next regularly scheduled meeting of the [planning board]." DOVER CITY CODE § 170-53D(1) (1986). Because the city council adopted the rezoning amendment even though no formal report had been submitted by the planning board, the plaintiffs contend that the rezoning is invalid.

The code recognizes three methods by which an amendment to the zoning ordinance may be initiated. Amendment proceedings may be instituted by the city council "[1] on its own motion or [2] on petition [of an interested party or parties] or [3] on recommendation of the Planning Board." DOVER CITY CODE § 170-53 A. In this case, the rezoning amendment came before the city council via the third alternative, on the recommendation of the planning board.

Section 170-53 B of the code mandates referral to the planning board of "[e]very such proposed amendment or change *whether initiated by the City Council or by petition* . . . ." (Emphasis added.) It does not explicitly require referral to the planning board, with its attendant thirty-one-day reporting period, in a situation where the amendment has originated from the planning board itself. To require the planning board to submit a "report and recommendations" to the city council when the planning board had itself, in the first instance, recommended the rezoning to the city council would be redundant. Consequently, we hold that the thirty-one-day reporting requirement was inapplicable in this case. *See Foster v. Town of Henniker*, 132 N.H. 75, 82, 562 A.2d 163, 168 (1989) (statute should not be interpreted to produce illogical result).

■ We note that the trial court found that the thirty-one-day reporting period had been violated, but that the city had nevertheless "substantially complied" with the amendment procedure. *See Bourgeois v. Town of Bedford*, 120 N.H. 145, 147–48, 412 A.2d 1021, 1023–24 (1980). Regardless of the trial court's ruling on this issue, reversal is not necessary. "When a trial court reaches the correct result, but on mistaken grounds, this court will sustain the decision if there are valid alternative grounds to support it." *Lemay v. Rouse*, 122 N.H. 349, 352, 444 A.2d 553, 555 (1982).

Second, the plaintiffs contend that the city council erred in relying solely upon the revised master plan to support its decision to rezone. In opposition, the city and the intervenors assert that such reliance was not exclusive and that reliance on the master plan is an appropriate basis for rezoning.

According to RSA 674:2 (Supp. 1991), "[t]he master plan shall generally be comprised of a report or [other information] designed to show as fully as is possible and practical the planning board's *recommendations* for the desirable development of the territory legally and logically within its planning jurisdiction." (Emphasis added.) Although the statute does not mandate that the city council adopt the recommendations in the master plan, it clearly allows, and even favors, such adoption.

■ Citing *Rancourt v. Town of Barnstead*, 129 N.H. 45, 523 A.2d 55 (1986), the plaintiffs maintain that the city council's reliance solely on the master plan's recommendation gave "greater legal status to the master plan than the legislature intended." *Id.* at 48, 523 A.2d at 58. In *Rancourt*, we rejected the planning board's reliance on growth restrictions contained in a master plan because the restrictions had not been implemented by action of the local legislative body through enactment of growth control measures pursuant to RSA 674:22 and :23. In this case, however, the power to rezone was properly exercised by the city council, and the master plan was used appropriately as a basis for considered rezoning activity.

■ The plaintiffs also contend that the city council's reliance on the master plan was improper without detailed evidence of the physical characteristics of the site or the holding of a workshop session on the proposed zoning amendment. The trial court, however, found that "[t]he Dover Zoning Ordinance . . . sets forth an amendment procedure at section 170-53 which calls for no such specific information." Only planning board approval and a public hearing are mandated. Once the planning board approves the amendment and public

hearings are held, the city council determines what additional information is required. Moreover, the trial court acknowledged the inappropriateness of conducting such site specific review in the course of legislating zoning amendments. We find no error in the trial court's ruling. Site considerations are the province of the planning board on site plan review. RSA 674:43–44 (1986 & Supp. 1991).

Finally, the plaintiffs maintain that because rezoning is a quasi-judicial function, prejudgment by members of the city council disqualified them from voting on the amendment, and, as a result, the city council's adoption of the rezoning amendment is voidable. We disagree.

This characterization of a city council's role in adopting rezoning amendments is an issue of first impression for this court. *Cf. Winslow v. Holderness Planning Board*, 125 N.H. 262, 266, 480 A.2d 114, 116 (1984) (holding action of *planning board* in reviewing application for rezoning "quasi-judicial"). Here, the actions of the city council, an elected legislative body, not the planning board, an appointed administrative body, are at issue. Nevertheless, the plaintiffs urge us to extend the holding in *Winslow* to the role of the city council in adopting a rezoning amendment, traditionally a legislative function.

■ The plaintiffs cite *Fasano v. Board of County Commissioners of Washington County*, 264 Or. 574, 507 P.2d 23 (1973), and *Fleming v. Tacoma*, 81 Wash. 2d 292, 502 P.2d 327 (1972), in support of their argument that the city council's adoption of the rezoning amendment was a quasi-judicial act. We note, however, that the majority rule characterizes the role of an elected government body in the rezoning area as legislative in nature. *See, e.g., Parks v. Planning & Zoning Commission*, 178 Conn. 657, 660, 425 A.2d 100, 102 (1979); *Blake v. Board of Sup'rs of County of Shasta*, 180 Cal. Rptr. 173, 175 n.1, *reh'g granted* (unpublished opinion after rehearing) (1982); *Bow & Arrow Manor v. Town of West Orange*, 63 N.J. 335, 343, 307 A.2d 563, 567 (1973); *City of Pharr v. Tippitt*, 616 S.W.2d 173, 175 (Tex. 1981). Moreover, several jurisdictions that once embraced the "quasi-judicial" characterization have, on further inquiry, rejected it. *See Margolis v. District Court, Etc.*, 638 P.2d 297, 303–05 (Colo. 1981); *Kirk v. Tyrone Twp*, 398 Mich. 429, 441, 247 N.W.2d 848, 853 (1976); *Schanz v. City of Billings*, 182 Mont. 328, 335, 597 P.2d 67, 71 (1979); *Copple v. City of Lincoln*, 210 Neb. 504, 507, 315 N.W.2d 628, 630 (1982); *O'Rourke v. City of Tulsa*, 457 P.2d 783, 785 (Okla. 1969).

> "It appears only logical that since the original act of zoning is legislative, the amendatory act of rezoning is likewise leg-

islative even though the procedures may entail notice and hearing which characterize a quasi-judicial proceeding. Essentially, the city council ultimately amends the zoning ordinance or denies the amendment, a legislative function."

*Margolis*, 638 P.2d at 304. We hold that the actions of the city council in this case were legislative in character and review the conduct of the city councilors accordingly.

■ "A municipal legislator is not disqualified to vote on a zoning amendment simply because he [or she] has expressed an opinion as to the appropriate disposition of the proposed measure. . . . To impose so strict a requirement of impartiality on legislators would be to ignore the political realities of the election process and to unnecessarily restrict public dialogue on zoning problems." 1 R. ANDERSON, AMERICAN LAW OF ZONING § 4.20, at 268–69 (3d ed. 1986). The plaintiffs assert, however, that our decision in *Michael v. City of Rochester*, 119 N.H. 734, 407 A.2d 819 (1979), requires the disqualification of the city councilors who prejudged the rezoning amendment. In *Michael*, we held that the legislative act of a city council could be invalidated if a city councilor who voted on the action had a conflict of interest and if the conflicting interest determined the outcome. *Id.* at 736, 407 A.2d at 821. In this case the plaintiffs argue merely that the councilors prejudged the amendment, not that they had any conflict of interest that might have disqualified them from voting. Therefore, because prejudgment alone is not a ban to voting, *Michael* is inapposite to the facts in this case. We find no error in the trial court's rejection of this challenge to the ordinance.

■ We note that the conduct of the only councilor who may have had a conflict of interest, Councilor Jalbert, president of the intervenor, Jalbert Leasing, Inc., is not at issue here. Although at trial the plaintiffs raised the propriety of Councilor Jalbert's conduct during the adoption of the rezoning, they neither raised this issue in their notice of appeal nor argued it in their brief. Consequently, the propriety of Councilor Jalbert's conduct, and the effect of that conduct on the decision appealed, are not before us. *See* SUP. CT. R. 16(3)(b).

*Affirmed.*

All concurred.