Belknap
No. 93-742

GUY B. MILLER *& a.*

v.

TOWN OF TILTON

March 1, 1995

*Haughey, Philpot & Laurent, P.A.,* of Laconia (*Paul C. Bordeau* on the brief and orally), for the plaintiffs.

*McLaughlin, Hemeon & Lahey, P.A.,* of Laconia (*Matthew J. Lahey* on the brief and orally), for the defendant.

HORTON, J. The plaintiffs, Guy B. Miller and Charles A. Murphy, Jr., appeal an order of the Superior Court (*O'Neil,* J.), denying their motion for summary judgment and validating the rezoning of their land by the defendant, the Town of Tilton. We affirm.

In 1989, the plaintiffs purchased industrially-zoned property on Sanbornton Road in Tilton. The borders of an agricultural buffer zone between residential and industrial property in the Sanbornton Road area had shifted several times during the decade prior to this action, affecting the zoning of the land in question. The plaintiffs' short form warranty deed, for example, referenced a subdivision plan recorded in 1984 that described their land as being in an agricultural buffer zone. On December 12, 1990, an abutting residential property owner on Sanbornton Road submitted a petition to the town, pursuant to RSA 675:4 (1986 & Supp. 1994), to amend the zoning ordinance relating to the Sanbornton Road area. The petition sought to enlarge the agricultural buffer zone approximately to its original borders, reclaiming industrial land that included the plaintiffs' property. A hearing on the petition was held on January 8, 1991, with notice properly published and posted. The planning board voted to oppose the petition. At the town meeting on March 12, 1991, the residents of Tilton voted, over the planning board's objection, to enlarge the agricultural buffer zone, thereby rezoning the plaintiffs' property from industrial to agricultural.

The plaintiffs challenged the amendment by seeking a declaratory judgment, *see Blue Jay Realty Trust v. City of Franklin,* 132 N.H. 502, 509–13, 567 A.2d 188, 193–95 (1989), arguing that the zoning amendment constituted spot zoning. The plaintiffs moved for summary judgment on the ground that the rezoning petition was not timely filed under RSA 675:4, I (1986). The trial court denied the motion, finding that the filing was in substantial compliance, and also found that the rezoning did not constitute spot zoning. The plaintiffs appeal both rulings.

We begin with the denial of the plaintiffs' motion for summary judgment. RSA 675:4, I, requires that "[a] petition to amend a zoning ordinance, historic district ordinance, or a building code shall be submitted to the board of selectmen or the village district commissioners during the period between 120 and 90 days prior to the annual town or village district meeting." For guidance in reckoning time when construing statutes, we turn to RSA 21:35 (1988): "When time is to be reckoned from a day, date, act done, or the time of an act done, either by force of law, or by virtue of a contract made since

December 23, 1842, such day, date, or the day when such act is done shall not be included in the computation."

■ Under the terms of RSA 675:4, the date from which time is to be reckoned according to RSA 21:35 is the date of the town meeting, March 12, 1991. RSA 21:35 exempts that date from the reckoning when determining compliance. "The fact [that the statute] provides that the day from which time is to be reckoned is to be excluded in computing the time within which an act must be done, tends to the conclusion that that is the only day to be excluded in making the computation." *Clough v. Wilton,* 79 N.H. 66, 67, 104 A. 453, 454 (1918) (decided under identical precursor to RSA 21:35). Since RSA 675:4 requires the petition to be filed "during the period between 120 and 90 days prior to . . . the meeting," we count the days prior to the meeting date, not counting that date pursuant to RSA 21:35. The terms of RSA 21:35 apply equally, whether the time is to be reckoned backward or forward. *Bernard v. Martel,* 68 N.H. 466, 466, 41 A. 183, 184 (1896) (decided under identical precursor to RSA 21:35). Counting backwards the days prior to the March 12, 1991, town meeting, and excluding that day, we reach December 12, 1990, on the ninetieth day. *See id.* We therefore find that the petition, which was filed on December 12, was filed "during the period between 120 and 90 days prior to [the town meeting]," RSA 675:4, and hold that the plaintiffs' motion for summary judgment was properly denied. We need not reach the issue of substantial compliance with RSA 675:4 because, even if the trial court's finding of substantial compliance was in error, we would sustain its denial of the plaintiffs' motion for summary judgment on this valid alternative ground. *Quinlan v. City of Dover,* 136 N.H. 226, 230, 614 A.2d 1057, 1059 (1992).

■ The plaintiffs next contest the trial court's finding that the zoning amendment did not constitute spot zoning. "An area is spot zoned when it is singled out for treatment different from that of similar surrounding land which cannot be justified on the bases of health, safety, morals or general welfare of the community and which is not in accordance with a comprehensive plan." *Schadlick v. Concord,* 108 N.H. 319, 322, 234 A.2d 523, 526 (1967). "The mere fact that an area is small and is zoned at the request of a single owner and is of greater benefit to him than to others does not make out a case of spot zoning if there is a public need for it or a compelling reason for it." *Id.* at 322–23, 234 A.2d at 526 (quotation omitted).

■ "When reviewing the trial court's ruling on a claim of spot zoning, we ask whether its decision is unsupported by the evidence, or erroneous as a matter of law," *Portsmouth Advocates, Inc. v. City of Portsmouth,* 133 N.H. 876, 879–80, 587 A.2d 600, 602 (1991) (citation

omitted), "not whether we would find as the trial court did," *Hussey v. Town of Barrington,* 135 N.H. 227, 231, 604 A.2d 82, 84 (1992) (quotation omitted). The plaintiffs carry the burden before the trial court to demonstrate that a zoning change is unreasonable or unlawful. *Portsmouth Advocates, Inc.,* 133 N.H at 880, 587 A.2d at 602.

 The trial court found that the amendment was not an example of spot zoning, "rather it is a change in an area border . . . . Thus, the zoning amendment did not create a new incongruous district, it merely extended the pre-existing agricultural land." It also found that the amendment was supported by a majority of the public and would "protect the health and welfare of area residents."

The trial court found that "[t]he zoning amendment was not inconsistent with the Tilton comprehensive plan," because the plan "speaks both of 'encouraging' industrial development *and* preserving and enhancing the 'quality of existing and future residential neighborhoods.'" The trial court also noted that the plan seeks "to avoid conflicting and incompatible land uses," and concluded that the plaintiffs offered no credible evidence that an agriculturally-zoned buffer between residential and industrial land was inconsistent with the master plan. After reviewing the record, we cannot say that the trial court's ruling was unsupported by the evidence. *See Portsmouth Advocates, Inc.,* 133 N.H. at 879–80, 587 A.2d at 602.

*Affirmed.*

All concurred.