# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0395, <u>Appeal of Jane Palangas</u>, the court on June 24, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(3). The claimant, Jane Palangas, appeals a decision of the New Hampshire Compensation Appeals Board (CAB) denying her workers' compensation claim against the respondents, New Hampshire Employers Insurance Company and AIM Mutual Insurance Company on behalf of Mount Carmel Nursing Home (Mt. Carmel). The claimant argues that the CAB erred by: (1) finding her claim was time-barred by RSA 281-A:19 (2023); (2) excluding a medical journal article; and (3) finding that she did not prove medical causation. Because we conclude that the CAB did not err in finding the claimant did not prove medical causation, we affirm.

The CAB found the following facts. The claimant was employed as a social worker by Mt. Carmel, a long-term care facility. The COVID-19 pandemic was especially difficult for such facilities. Mt. Carmel was closed to the public, and the claimant was "frequently the conduit between the residents and their families, including when patients were in critical condition or in the process of dying."

In June 2020, the claimant saw her primary care physician, Dr. Calhoun, for several issues including increased anxiety. She ascribed this anxiety primarily to work stressors. The next month, the claimant was diagnosed with herpes zoster ophthalmicus, or shingles of the eye (shingles). Following this diagnosis, the claimant reported "markedly increased work stressors" during a visit with Dr. Calhoun. (Quotation omitted.) The claimant received continued treatment from Dr. Calhoun for the shingles, which developed into post-herpetic neuralgia, as well as from an optometrist, a neurologist, an otolaryngologist, an ophthalmologist, and one or more occupational therapists.

After her initial diagnosis, the claimant was taken out of work. She returned on a part-time basis in October 2020. In October 2022, Mt. Carmel told the claimant that her employment status was being changed to part-time, because it had been over two years with little change in her restrictions. The claimant was warned that if the Mt. Carmel population increased and she was unable to increase her hours, she could be terminated.

In November 2022, the claimant asked Dr. Calhoun whether "her health challenges over the past 2.5 years might be related to the conditions in the first year of the pandemic." (Quotation omitted.) Dr. Calhoun then wrote a letter stating that "he believed that her severe case of post-herpetic neuralgia likely contributed to the severity of her symptoms," and that while he could not "conclusively state that the severity of her [post-herpetic neuralgia] complications was a direct result of the preceding increase in [claimant's] work stressors," he thought it was "likely the case." The claimant testified that she had asked doctors about the work-related stress and her conditions all along, but the CAB found no evidence of such questions and responses in the medical records.

In December 2022, the claimant filed a notice of injury for the shingles diagnosed in July 2020. The respondents denied the claim on the basis that the claimant did not provide notice within two years of the date of injury and was not reasonably diligent in discovering the possible relationship between the injury and her employment. Following a hearing before the Department of Labor, the hearing officer denied the claim as being time-barred. The claimant appealed to the CAB.

The CAB found that the claimant "was not reasonably diligent to have waited until November, 2022 to explore the relationship of her stressful employment situation and the onset and severity of her [shingles]." The CAB thus ruled that the claim was time-barred under RSA 281-A:19. The CAB further found that even assuming that the claim was timely, the claimant "cannot prove that the onset or severity of her [shingles] episode was medically related to her stress arising from her employment," and thus "she failed to prove medical causation." The claimant filed a motion for rehearing and reconsideration, which the CAB denied. This appeal followed.

Our standard of review of CAB decisions is established by statute. Appeal of Rancourt, 176 N.H. 139, 143 (2023); RSA 541:13 (2021). All findings of the CAB upon all questions of fact properly before it are deemed prima facie lawful and reasonable. Appeal of Rancourt, 176 N.H. at 143. Accordingly, our review of the CAB's factual findings is deferential. Id. The burden of proof rests upon the appealing party to show that these findings are "clearly unreasonable or unlawful." Id. at 144 (quotation omitted). When reviewing the CAB's factual findings, our task is not to determine whether we would have found differently than did the CAB, or to reweigh the evidence, but rather to determine whether the findings are supported by competent evidence in the record. Id.

The CAB made two alternative rulings: that the claim was time-barred under RSA 281-A:19, and that even assuming the claim was timely, the claimant did not establish medical causation. For purposes of this appeal, because we determine that the CAB did not err in finding the claimant did not

2

establish medical causation, we assume without deciding that her claim was timely under RSA 281-A:19.

The claimant argues that the CAB erred when it found that she did not demonstrate medical causation. "To make out a claim for workers' compensation, a claimant is required to show that her injuries arose out of and in the course of her employment." Appeal of Kehoe, 141 N.H. 412, 415-16 (1996) (quotation and brackets omitted). "The test for medical causation requires the claimant to establish, by a preponderance of the evidence, that work-related activities probably caused or contributed to the injury as a matter of medical fact." Appeal of Estate of Dodier, 174 N.H. 548, 555 (2021). "Even if the work-related activities did not directly cause or contribute to her injury, it would be sufficient to show that the activities caused the activation of her disabling symptoms." Appeal of Kehoe, 141 N.H. at 417.

The claimant argues that the CAB should have relied on Dr. Calhoun's medical opinion — that there was a connection between her employment and her injury. She asserts that because Dr. Calhoun was her treating physician, his opinion must be accorded substantial weight. See Appeal of Morin, 140 N.H. 515, 519 (1995) (noting that "[t]reating physicians are especially important in a workers' compensation case," and "their reports must be accorded substantial weight" (quotation omitted)). However, "factfinders are free to disregard or accept, in whole or in part, conflicting expert testimony." Appeal of Rancourt, 176 N.H. at 144. Here, the CAB considered medical studies and the conflicting opinions of Dr. Calhoun and the respondents' expert, Dr. Hedges. The CAB made an express finding that Dr. Hedges had "considerably more background and expertise" than Dr. Calhoun and accepted Dr. Hedges' opinion. Based upon our review of the evidence, we disagree with the claimant's contention that this finding is not supported by the evidence. The CAB was well within its authority as the factfinder to evaluate conflicting expert testimony and to decide to credit one expert over the other. Id.

Further, in addition to noting that Dr. Hedges had more background and expertise than Dr. Calhoun, the CAB reviewed the medical studies in evidence to aid in its decision. In so doing, the CAB found "no widespread acceptance of an established causal link in the relevant medical community . . . as to the role of stress in causing the onset or severity of [shingles] in an individual." Thus, we disagree with the claimant that the CAB did not identify any competing evidence or considerations supporting its decision to reject Dr. Calhoun's opinion. Cf. Appeal of Kehoe, 141 N.H. at 419 (concluding that the CAB "did not cite to any competing evidence to explain its rejection of the claimant's uncontroverted evidence that her work environment contributed to her symptoms, and its decision was therefore unreasonable").

The claimant asserts that the evidence establishes, by a preponderance of the evidence, that there is a medically accepted link between stress and the

worsening of shingles. She also contends that there was a connection between her employment stress and her symptoms, and the CAB thus erred in concluding she could not meet medical causation. Based upon our review of the record, however, we determine that the CAB's factual findings that led it to conclude that the claimant failed to prove medical causation are supported by competent evidence in the record. See Appeal of Rancourt, 176 N.H. at 144.

Finally, the claimant argues that the CAB wrongly excluded a medical journal article that she provided to opposing counsel on Sunday, December 3, 2023, before the hearing on the following Friday, December 8. The CAB, in its order on the claimant's motion for rehearing and reconsideration, found that the article was medical evidence and did not meet the requirement that medical evidence be "furnished to the opposing parties 5 business days before the hearing date." N.H. Admin. R., Lab 205.09(d). We agree with the CAB that the article is medical evidence. Based upon our interpretation of Lab 205.09(d), we disagree with the claimant that the CAB erred in determining that the article was not furnished within the rule's required timeframe. See Bach v. N.H. Dep't of Safety, 169 N.H. 87, 92 (2016) (noting that we "use the same principles of construction when interpreting both statutes and administrative rules"); RSA 21:35 (2020) (providing that when a time limit "is to be reckoned from a day or date, that day or date shall be excluded from and the day on which an act should occur shall be included in the computation of the period or limit of time"); Miller v. Town of Tilton, 139 N.H. 429, 431 (1995) (decided under prior law) ("The terms of RSA 21:35 apply equally, whether the time is to be reckoned backward or forward.").

We have considered the claimant's remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**